## Commonwealth v. McKellin

*Robert L. Steinberg, Assistant District Attorney,* and *William H. Platt, District Attorney,* for Commonwealth.

*James T. Huber, Assistant Public Defender,* and *Thomas A. Wallitsch, Public Defender,* for defendant.

DAVISON, *J.,* February 13, 1979—We have before us what appears to be a question of first impression, namely, whether a successful participant in the Accelerated Rehabilitative Disposition program (ARD) is entitled to expungement of the arrest records.

Sandra McKellin was arrested on August 10,

1977, on charges of retail theft under section 3929 of the Crimes Code of December 6, 1972, P.L. 1482, 18 Pa.C.S.A. §3929, arising out of an incident at the Almart Department Store in Bethlehem, Pa. Following a preliminary hearing, the case was returned to court. On October 28, 1977, upon motion of the district attorney and after hearing, she was placed on ARD by the court. Miss McKellin satisfactorily completed the ARD program and, pursuant to Pa.R.Crim.P. 185, on December 28, 1978, an order was entered dismissing the charges. She now seeks expungement of all records relating to this case.

Petitioner's counsel argues that since she has successfully completed the ARD program and the charges have been dismissed, a criminal record will hinder her from securing employment in her chosen profession and that, in any event, the Commonwealth has shown no compelling reason for maintenance of these records.

The Pennsylvania Appellate Courts have recently recognized the right of an accused as ". . . an adjunct to due process . . ." to seek expungement of criminal records even absent an expungement statute: Com. v. Malone, 244 Pa. Superior Ct. 62, 366 A. 2d 584 (1976). In Malone, defendant sought expungement after the charges against him had been dismissed due to the Commonwealth's failure to make out a prima facie case at the preliminary hearing. While the Superior Court decided only that petitioner was entitled to a hearing and remanded the case for that purpose, its discussion of the issue of a nonstatutory right to expungement focused on the maintenance of arrest records on innocent persons as a violation of due process. Thus, Judge J.

Sydney Hoffman, in speaking for the court, stated, at 244 Pa. Superior Ct. 69, that:

"Punishment of the innocent is the clearest denial of life, liberty and property without due process of law. To remedy such a situation, an individual must be afforded a hearing to present his claim that he is entitled to an expungement—that is, because an innocent individual has a right to be free from unwarranted punishment, a court has the authority to remedy the denial of that right by ordering expungement of the arrest record."

In Com. v. Homison, 253 Pa. Superior Ct. 486, 385 A. 2d 443 (1978), the Superior Court held that the grant of a full pardon by the governor, for reasons other than innocence, does not entitle one to expungement of his criminal record. We note that in an opinion dated December 20, 1978, and appearing in the January 15, 1979, issue of the Pennsylvania Law Journal, Vol. II, No. 2, the Attorney General of Pennsylvania has addressed the status of the recipient of a governor's pardon and observed that the courts distinguish the resumption of rights following a pardon for reasons other than innocence. See: Attorney General Opinion no. 78-27.

The expungement issue was again before the Superior Court on October 20, 1978, in Com. v. Mueller, _____ Pa. Superior Ct. _____, 392 A. 2d 763 (1978). There defendant had been bound over for trial after a prima facie case had been established, but the charges were subsequently dismissed because not brought to trial within the prompt trial time requirements of Pa.R.Crim.P. 1100. The court, speaking through Judge William Cercone, articulated the following test:

"Accordingly, where the record shows that the Commonwealth made out a prima facie case of guilt on the part of an accused, he will then have the burden to affirmatively demonstrate non-culpability at a hearing, otherwise his petition to expunge will be denied. If, however, such a showing is made, the court must weigh the Commonwealth's interest in retaining the appellee's arrest record against appellee's interest in being free from whatever disabilities the record may create." At 765.

Significantly, Judge Cercone observed: "It must be borne in mind that the question before the court is not whether expungement is desirable in this case but whether it is constitutionally required; that is, whether it is necessary in order to prevent punishment of an innocent person." At 765. See also: Cohen v. Barger, 11 Pa. Commonwealth Ct. 617, 314 A. 2d 353 (1974).

An application of the Malone, Homison and Mueller principles requires that we hold that one who successfully completes the ARD program is not automatically entitled to expungement of the arrest records.

In the case at bar, at the hearing on the petition for expungement, there was not even a suggestion of nonculpability. In the absence of nonculpability, in balancing society's interest in maintaining arrest records against this limited intrusion on individual rights, we believe the scales tip in favor of society's legitimate interest in the retention of the arrest records. This is not a situation where one may have unjustly acquired an arrest record as, by way of illustration, in a "dragnet."

Moreover, this was not petitioner's first retail theft offense; indeed, it attained the level of a misdemeanor of the second degree because it was a second retail theft offense by virtue of section 3929(b)(2) of the Crimes Code. In that regard, assuming arguendo, expunction, query: Would a new retail theft charge constitute a "second offense" or "a third offense," in which latter event, under section 3929(b)(3) the grading would rise from a misdemeanor of the second degree to that of a misdemeanor of the first degree?

We have considered whether there is anything inherent in the concept of Accelerated Rehabilitative Disposition to mandate expunction and conclude that there is not, although in certain circumstances, in accordance with Malone, Mueller and Homison, successful participants in the program may be entitled to such relief. The disburdening effect of successful ARD completion is not tantamount to a finding of innocence.

We are obliged, therefore, to deny expunction.▌

## ORDER

Now, February 13, 1979 after hearing, and for the reasons set forth in the accompanying opinion, it is ordered that defendant's motion to expunge records be and the same is hereby denied.