434 A.2d 99

COMMONWEALTH of Pennsylvania,

v.

John P. KRALL, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed May 15, 1981.

Reargument Denied Sept. 15, 1981.

2

---

John C. Tylwalk, Assistant Public Defender, Lebanon, for appellant.

Thomas S. Long, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

The appellant was convicted of burglary, conspiracy and receiving stolen property following a jury trial before Walter, J. Motions for new trial and in arrest of judgment were denied and the appellant was sentenced to five to twenty years for burglary, five to twenty years for criminal conspiracy and three and one half to seven years for receiving stolen property. All sentences are to run concurrently. Appellant has filed a direct appeal to this Court from the judgment of sentence.

On or about January 28, 1978, Kleinfelter's Auction Room was broken into. Among the items removed were a safe located in a second floor apartment, as well as jewelry, two pistols, a large silver service and coins. On the early morning of January 29, 1978, the appellant and William Kelliher, who had worked at Kleinfelter's Auction until June, 1977, and who was familiar with the upstairs apartment, as well as the downstairs offices and rooms, arrived at a Mr. Harlan's home, according to the testimony of Mr. Harlan who was the principal witness for the Commonwealth. Mr. Harlan testified that appellant requested a screwdriver, sledgehammer and flashlight from him and that appellant and Kelliher then removed a safe from a pickup truck which they had with them and which also contained several boxes. Harlan testified that appellant and Kelliher finally broke open the safe which contained old coins, jewelry and papers and that appellant acknowledged that the safe came from Kleinfelter's Auction House.

At trial, the appellant called his girl friend, Bonnie Sweigart, to testify on his behalf. She testified that at the time of the alleged crimes she and the appellant were living together. She further stated that at about noon on January 29, 1978, Paul Harlan came to her home looking for the appellant and she refused to say where he was. According to her testimony, at that time the appellant was visiting her sister's house. Appellant's sister also testified that on the afternoon of January 29, 1978, appellant was at her home.

On cross-examination the following testimony was given by Miss Sweigart:

Q. Miss Sweigart, isn't it true that you were charged with the offense of retail theft, along with Paul Harlan?[1]

THE COURT: Answer the question yes or no.

A. Yes.

Q. Isn't it true that Paul Harlan was going to testify against you in that case?

THE COURT: Likewise, answer the question yes or no.

A. Yes.

Q. Isn't it true that in that he was going to testify against you and you voluntarily placed yourself on the A.R.D. program?

A. Yes.

The A.R.D. program referred to in cross-examination is the accelerated rehabilitative disposition program provided for in Pa.R.Crim.P. 175 to 185 inclusive. Not only was Miss Sweigart's participation in the A.R.D. program referred to in her cross-examination, but the judge in his charge to the jury also referred to Miss Sweigart's conviction. There is no doubt that a conviction for retail theft may be used to impeach the credibility of a witness. *Commonwealth v. Vickers*, 260 Pa.Super. 479, 394 A.2d 1027 (1978). However, the veracity of a witness may not be impeached by prior criminal conduct which has not led to a conviction. *Commonwealth v. Jackson*, 475 Pa. 604, 381 A.2d 438 (1977). The threshold question for our determination is whether a defendant's admission into an A.R.D. program constitutes a conviction for purposes of impeachment. We believe that it does not. Pa.R.Crim.P. 181 provides:

When a defendant is accepted into the program of accelerated rehabilitative disposition after information or indictment, the judge shall order that further proceedings on the charges shall be postponed during the term of the program.

Pa.R.Crim.P. 184(c) provides that if "the judge finds that the defendant has committed a violation of the condi-

1. The case referred to in cross-examination involving Mr. Harlan and Miss Sweigart was not related to the instant case.

tion of the program, he may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law." Further, the comment to Pa.R.Crim.P. 177 sets forth a form of notice to the defendant which includes this language:

[B]ecause there are reasons in your case to believe that you would be helped more by being placed on probation *than by being convicted* and sentenced to jail, your case has been chosen for the Accelerated Rehabilitative Program. (Emphasis added). *See also Commonwealth v. Joines*, 264 Pa.Super. 281, 399 A.2d 776 (1979).

The thrust of the A.R.D. Program is to enable a defendant, before he has been convicted of a crime, to enter into a program which hopefully will result in his rehabilitation without the necessity of trial and conviction. If the program does not succeed the Commonwealth may then proceed on the charges. In effect, admission into the A.R.D. Program places the criminal proceedings in abeyance, subject to being reactivated under certain conditions. The court below realized that it erred in permitting questions by the prosecution pertaining to Miss Sweigart's being charged with retail theft and her subsequent admission into the A.R.D. Program, but determined that it was harmless beyond a reasonable doubt. The burden is on the Commonwealth to prove harmless error beyond a reasonable doubt. *Commonwealth v. Martinolich*, 456 Pa. 136, 318 A.2d 680 (1974), cert. denied and appeal dismissed, *Martinolich v. Pennsylvania*, 419 U.S. 1065, 95 S.Ct. 651, 42 L.Ed.2d 661 (1974). We do not believe the Commonwealth has met its burden. If the evidence is substantial and a witness's testimony, even if believed did not exonerate the defendant, an error in inquiring about prior criminal activity may be harmless. *See United States v. Trowery*, 471 F.Supp. 23 (W.D.Pa.1978). In this case, the principal evidence concerning appellant's guilt was from Mr. Harlan, and apart from his testimony it was not overwhelming.

The court below also erred in its charge to the jury when it stated the following:

Now members of the jury, you have heard evidence that two of the witnesses had been convicted of crimes of theft. Mr. Harlan was one, and—I don't want to make a mistake about this—Rebecca Brensinger?—

MR. LONG:

Bonnie Sweigart.

THE COURT:

—Oh, I'm sorry—Bonnie Sweigart; right, Bonnie Sweigart it was. It was the witness for Mr. Krall. Mr. Harlan, of course, was one of the witnesses for the Commonwealth. You may consider that evidence of prior conviction in deciding whether or not to believe all or part of their testimony, but that is the only purpose for which you may consider it. In doing so, you may consider the type of crime committed, how long ago it was committed, and how the conviction may effect [sic] the likelihood that either Bonnie Sweigart, or Paul Harlan, or both, has testified truthfully in this case.

The court below not only erred when it permitted the impeachment of Miss Sweigart, although she had not been convicted of retail theft, but compounded the error when the trial judge again referred to Miss Sweigart's prior conviction in its charge to the jury. He told the jury that it could consider how Bonnie Sweigart's conviction may have affected the likelihood that she testified truthfully in this case. Counsel for the appellant objected to the part of the judge's charge quoted above. The charge to the jury was clearly in error with respect to the prior convictions of appellant's witness and the Commonwealth has not proved beyond a reasonable doubt that the error was harmless.

■ The defendant in a criminal case may cross-examine prosecution witnesses with respect to the juvenile record of the witness, although such records are shielded by law, on the basis of the constitutional right to confrontation. *See Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978); *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed. 347 (1974). We recognize that in this case it was the Commonwealth that was involved in cross-examination of a

defense witness. It is yet undecided whether the Commonwealth's right to show bias of a defense witness is sufficient to overcome the prohibition against inquiry into such matters as a juvenile record or admission into an A.R.D. Program.

Judgment of sentence reversed and case remanded for new trial.