502 A.2d 707

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lloyd E. HESS.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1985.

Filed Dec. 31, 1985.

Stuart Suss, Assistant District Attorney, Reading, for Com., appellant.

Byran Yatron, Reading, for appellee.

Before SPAETH, President Judge, and BROSKY, ROW-LEY, WIEAND, McEWEN, CIRILLO, OLSZEWSKI, MON-TEMURO and TAMILIA, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is a direct appeal by the Commonwealth from a judgment of sentence of two days to twelve months imprisonment for driving while under the influence of alcohol. Appellee pled guilty to driving while under the influence of alcohol and driving on the right side of the roadway in violation of 75 Pa.C.S. §§ 3731 and 3301(a) respectively. At the time of sentencing on October 26, 1984, the trial court refused to consider any prior convictions of appellee because the criminal Information did not allege any prior convictions. Therefore, although the Commonwealth believed appellee to have been convicted within the last seven

years for driving while under the influence of alcohol and requested the court to sentence appellee to a minimum of 30 days in jail pursuant to 75 Pa.C.S. § 3731(e)(1)(ii), the recidivist provision of the Drunk Driving Law, appellee was sentenced to only two days to twelve months imprisonment for driving while under the influence of alcohol and to a fine of $25 for driving on the right side of the road. Appellee immediately began to serve his sentence, and the Commonwealth appealed.

The Commonwealth raises three issues on appeal: 1) whether the Commonwealth must allege prior convictions in the criminal Information in order to seek sentencing for a defendant under 75 Pa.C.S. § 3731(e)(1)(ii)-(iv); 2) whether *Commonwealth v. Campbell,* 273 Pa.Super. 407, 417 A.2d 712 (1980), *Commonwealth v. Longo,* 269 Pa.Super. 502, 410 A.2d 368 (1979), and *Commonwealth v. Herstine,* 264 Pa.Super. 414, 399 A.2d 1118 (1979) should be overruled; and 3) whether a defendant's due process rights can be protected by requiring the Commonwealth to establish sentence enhancing factors at the sentence proceeding. Argument before the Court *en banc* was granted to consider these issues as well as the issue raised by appellee that to remand his case for resentencing after he has fully served his original sentence would violate the Double Jeopardy Clause of the constitution. We reverse and remand for resentencing.

The precise issues raised by the Commonwealth in this case were also presented in *Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985). In that case, we held that the Commonwealth need not aver prior convictions under the Drunk Driving Law in the criminal Information, but must do so either after conviction and before sentencing or before a plea is entered.

In the instant case, although appellee pled guilty to driving while under the influence of alcohol, he does not allege that his plea was not knowing, intelligent, and voluntary. Therefore, the timeliness of the notice of the recidivist provisions is not an issue. However, because the trial court erroneously ruled that it had to consider the defend-

ant as a first offender because prior convictions were not alleged in the Information, we must vacate the judgment of sentence and remand for resentencing.

Appellee, however, argues that to remand his case for resentencing will violate the Double Jeopardy Clause of the United States Constitution and the Pennsylvania Constitution because he has completed serving his sentence. Appellee contends that the Court, in *Ex parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), held that the Double Jeopardy Clause prohibited increasing a sentence after the defendant had commenced serving it. He also argues that a series of Pennsylvania cases have held that a sentence modification which increases the punishment constitutes double jeopardy in violation of the constitutional provisions. *Commonwealth v. Brown,* 455 Pa. 274, 314 A.2d 506 (1974); *Commonwealth v. Allen,* 443 Pa. 96, 277 A.2d 803 (1971); *Commonwealth v. Silverman,* 442 Pa. 211, 275 A.2d 308 (1971); *Commonwealth v. Coleman,* 271 Pa.Super. 581, 414 A.2d 635 (1979); *Commonwealth v. Johnson,* 269 Pa.Super. 122, 409 A.2d 94 (1979); *Commonwealth v. Walter,* 240 Pa.Super. 433, 367 A.2d 1113 (1976); *Commonwealth v. Thomas,* 219 Pa.Super. 22, 280 A.2d 651 (1971).

The United States Supreme Court has said that the Double Jeopardy Clause of the constitution was designed "to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense...." *Green v. United States,* 355 U.S. 184, at 187, 78 S.Ct. 221, at 223, 2 L.Ed.2d 199 (1957). The Court has also said that the Double Jeopardy Clause encompasses three constitutional protections: 1) it protects against a second prosecution after acquittal; 2) it protects against a second prosecution for the same offense after conviction; and 3) it protects against multiple punishments for the same crime. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). However, the Court has also held that the Double Jeopardy Clause does not render a sentence final and conclusive once it is imposed. *United States v. DiFrancesco,* 449 U.S. 117, at 133, 101 S.Ct. 426, at 435, 66 L.Ed.2d 328 (1980).

In *DiFrancesco,* the Supreme Court addressed the issue of whether the "dangerous special offender" provision of the Organized Crime Control Act of 1970[1] granting the Government the right to appeal a sentence violated the constitutional double jeopardy guarantee against multiple punishment. In concluding that it did not, the Court noted that there is no constitutional bar to the legislature's grant to the prosecution of the right to appeal from a sentence. The Court reasoned as follows:

> This limited appeal does not involve a retrial or approximate ordeal of a trial on the basic issue of guilt or innocence.... The defendant, of course, is charged with knowledge of the statute and its appeal provision, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired.... The defendant's primary concern and anxiety obviously relate to the determination of innocence or guilt, and that already is behind him.... The Double Jeopardy Clause does not provide the defendant with what the exact limit of his punishment will turn out to be.... Respondent was similarly aware that a dangerous special offender sentence is subject to increase on appeal. His legitimate expectations are not defeated if his sentence is increased on appeal any more than are the expectations of the defendant who is placed on parole or probation that is later revoked.... Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where, as in the dangerous special offender statute, Congress has specifically provided that the sentence is subject to appeal. Under such circumstances there can be no expectation of finality in the original sentence.

*Id.* at 136–137, 139, 101 S.Ct. at 437–438, 439.

In *DiFrancesco,* the Court also considered *Lange* and the way in which it has been interpreted. The Court explicitly

1. 18 U.S.C. §§ 3575 and 3576.

rejected the general rule for which *Lange* is frequently cited. The Court stated that *Lange* did not hold that once a defendant had begun serving his sentence, the trial court could not increase the sentence without violating the Double Jeopardy Clause. Rather, the Court limited *Lange* to its particular facts and stated that *Lange* demonstrates only that a defendant may not receive a greater sentence than the legislature has authorized. *DiFrancesco*, at 138–139, 101 S.Ct. at 438–439. See *Commonwealth v. Adams*, Pa. Super., 1793 Philadelphia, 1982 (the Court followed *DiFrancesco* and refused to expansively interpret the Double Jeopardy Clause as those Pennsylvania cases did which cited *Lange* as holding that a trial court could never increase a sentence once a defendant had begun to serve it.) The sentence which the Commonwealth seeks to have the Court impose in the instant case is not only authorized by the legislature but mandated by it.

■ The federal dangerous special offender statute considered by the Court in *DiFrancesco*, in pertinent part, is similar to the state drunken driving statute under consideration here. The federal statute empowers the trial court to increase a sentence in certain circumstances, and it specifically grants to the Government the right to appeal the sentence for review by the appellate court which, upon review, may itself increase the sentence or remand for resentencing. 18 U.S.C. §§ 3575 and 3576. The state drunk driving statute specifically provides for mandatory increases in minimum sentences for second and subsequent offenses and provides that if the Commonwealth believes that the recidivist provisions have not been properly followed, the Commonwealth has the right to appeal directly to the Superior Court. Upon appeal, if the Superior Court finds that the sentence does not comport with the sentencing provisions, the Court is to vacate the sentence and remand for resentencing in accordance with the law. 75 Pa.C.S. § 3731(e).

Because of these similarities, the same can be said here as was said in *DiFrancesco*. The primary concern of appellee—the determination of his guilt—is behind him. Appellee was aware of the statute under which he was sentenced and therefore had notice that the Commonwealth could appeal the sentence and that the Superior Court might vacate the sentence and have to remand for imposition of a higher minimum sentence. Where, as here, the legislature has specifically provided that the sentence is subject to appeal, there can be no expectation of finality in the original sentence. Therefore, we hold that to remand this case for resentencing will not violate the Double Jeopardy Clause even though the time involved in taking this appeal has been longer than the maximum time for which appellee was originally sentenced and the sentence as originally imposed has been fully served.[2]

The Pennsylvania cases [3] relied upon by appellee as holding that a sentence modification which increases the punishment constitutes double jeopardy and is constitutionally prohibited do not involve a statute like the one in the instant case which grants the Commonwealth the right to appeal and leaves open the possibility of the original sentence being vacated because it is not in compliance with the statute and the proper, legislatively mandated, increased minimum sentence being imposed. They also base their holdings either directly or indirectly on the now discredited interpretation of *Lange* discussed previously. Therefore we do not consider them persuasive.

We vacate the judgment of sentence of driving while under the influence of alcohol and remand the case for resentencing in accordance with the appropriate law. Jurisdiction is not retained.

**2.** If upon remand the trial court finds that appellee is in fact a second offender and that it must sentence him to a minimum of 30 days in jail, he should receive credit for time served on the prior improper sentence. See *Commonwealth v. Allen,* Pa.Super., 1793 Philadelphia, 1982.

**3.** See cases cited at pp. 602–604 *supra.*