507 A.2d 1237

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Roxanne Marie WAGNER, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 1985.

Filed April 14, 1986.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com.

Melaine S. Rothey, Assistant Public Defender, Pittsburgh, for appellee.

Before CIRILLO, BECK and WATKINS, JJ.

BECK, Judge:

The Commonwealth appeals from a judgment of sentence. It asserts that the court erred in not sentencing appellee as a second offender of the Drunk Driving Act, 1982, December 15 P.L. 1268, No. 289, § 9, 75 Pa.C.S.A. § 3731. We agree and we vacate the judgment and remand for resentencing.

Appellee was arrested on March 30, 1983 for driving under the influence of alcohol and was thereafter placed in the Accelerated Rehabilitative Disposition program (ARD). In a group colloquy on June 24, 1983 before her acceptance of the program, appellee was told that this ARD program would be considered a first conviction if she violated the Act again. She was also told that upon a second conviction she would receive a mandatory minimum jail sentence of thirty days. Appellee accepted the ARD and successfully completed it.

On August 14, 1984, appellee was arrested for driving under the influence of alcohol. She pled guilty on November 19, 1984. The court sentenced her to pay a fine and the costs of prosecution and to a term of 48 hours to be served in ARC House.

The Commonwealth contends that the court was statutorily bound to impose a minimum jail sentence of thirty days. The court's failure to do so resulted in the imposition of an illegal sentence.

The Act provides for the violation of Section 3731:

(e) **Penalty**—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

Section 3731(e)(1)(ii) of the Vehicle Code, 75 Pa.C.S.A. 101 et seq.

The Act further provides at Section (e)(2):

(2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent convictions of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

The Act is clear. It deprives the court of discretion in setting a minimum sentence when a defendant has previously accepted ARD. We recently held that Section 3731(e)(2) applies to ARD acceptances occurring after the effective date of the 1982 amendment to the Act. *Commonwealth v. Frost*, 342 Pa.Super. 173, 492 A.2d 448 (1985); *Commonwealth v. Godsey*, 342 Pa.Super. 24, 492 A.2d 44 (1985). Since appellee accepted her ARD program after this date, the court erred in ignoring the clear wording of the Act in imposing sentence. The court indicated, however, that due process required imposition of this sentence. The court found that appellee was not notified of the consequences of an ARD disposition under the Act before she accepted the program. The record clearly contradicts this finding. Appellee was told that an ARD acceptance would be considered a first conviction for subsequent violations of the Act. Therefore, we must conclude that the court erred in sentencing.

Appellee advances another ground on which to affirm the judgment. She contends that the court cannot impose the thirty day sentence because her acceptance of the ARD program was not alleged in the information filed for this charge. She premises her claim on the rule that the Commonwealth must include prior convictions in its complaint in

order to apply a recidivist statute and as a consequence impose a longer jail sentence on the defendant. *See Commonwealth v. Moses*, 441 Pa. 145, 271 A.2d 339 (1970); *Commonwealth v. Campbell*, 273 Pa.Super. 407, 417 A.2d 712 (1980).

■ This question as specifically applied to the Drunk Driving Act was resolved by an en banc panel of this court in two recent decisions. The en banc panel held that the Commonwealth is not required to allege prior convictions in the information. *Commonwealth v. Hess*, 348 Pa.Super. 700, 502 A.2d 707 (1985); *Commonwealth v. Reagan*, 348 Pa.Super. 589, 502 A.2d 702 (1985). Although those cases did not involve an ARD acceptance as the prior conviction, we conclude that the reasoning of those cases controls the present question. For sentencing purposes, an ARD acceptance is identical to a conviction for violation of the Drunk Driving Act. Thus, we hold that the Commonwealth was not required to allege appellee's ARD acceptance in the information.

We conclude that the court erred in not imposing a mandatory minimum sentence of thirty days. We vacate the judgment and remand for resentencing.

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction is relinquished.