510 A.2d 365

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John KOPYCINSKI, a/k/a John Cooper.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 1985.

Filed June 4, 1986.

Petition for Allowance of Appeal Granted Oct. 30, 1986.

388

Joel M. Kaufman, Assistant District Attorney, Pittsburgh, for Com., appellant.

Louis S. Gold, Pittsburgh, for appellee.

Before CIRILLO, BECK and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Allegheny County, Criminal Division, and involves a Commonwealth appeal from a judgment of sentence imposed upon the appellee by the court below.

On November 29, 1984, the appellee-defendant was found guilty of Driving While Under the Influence of Alcohol pursuant to *75 Pa.C.S.A. § 3731(a)(1)*. On January 30, 1985, he was sentenced to undergo imprisonment for a period of forty-eight (48) hours, to pay the costs of prosecution and a $300 fine, to undergo evaluation by the local alcohol program, and to attend the Safe Driving School with an additional cost of $250.00. The Commonwealth appealed that sentence to our Court because the court below refused to sentence the defendant as a recidivist pursuant to *75 Pa.C.S.A. § 3731(e)(1)(ii)* which mandates a thirty (30) day minimum prison sentence if the person has been previously convicted of driving while intoxicated within the previous seven (7) years. Defendant had been convicted of driving while intoxicated within the past seven (7) years but the court below held *75 Pa.C.S.A. § 3731(e)(1)(ii)* unconstitutional as an ex post facto law because the previous conviction occurred before the thirty (30) day prison sentence had been mandated by the statute. We disagree.

The penalty provisions of Section 3731 are not violative of constitutional provisions proscribing ex post facto laws because section 3731 did not transform a previously legal act into an unlawful one. It did not permit the sentence attending the previous conviction to be increased. It merely notified an offender of what punishment would attend convictions based upon post-amendment violations. Thus, Section 3731 is not unconstitutional merely because it requires a sentencing court to consider a conviction which had occurred before the new law went into effect in imposing sentence on a subsequent conviction. *Commonwealth v. Grady*, 337 Pa.Superior Ct. 174, 486 A.2d 962 (1984). Section 3731 only punishes persons for conduct committed

subsequent to its effective date. It is only future conduct which is punished. Sentences imposed for past conduct are not affected by the new statute. The mandatory thirty (30) day prison sentence for recidivists under the statute is a stiffened penalty for the later crime which is considered to be an aggravated offense because it is a repetitive one. See *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948). Thus, the court below erred when it found the statutory penalty violative of the constitution as an ex post facto law.

▪▪▪ Appellee argues that the court below acted correctly because the information charging him with the offense failed to set forth the prior conviction. However, the Commonwealth is not required to allege prior convictions in a criminal information under the Drunk Driving Act because the prior conviction for drunken driving does not constitute an element of the crime of driving while under the influence of alcohol. *Commonwealth v. Reagan,* 348 Pa.Superior Ct. 589, 502 A.2d 702 (1985). *Reagan* held that such notice must be provided to a defendant prior to a guilty plea. No guilty plea was entered in the instant case. The mandatory sentence provisions apply to appellee.

Judgment of sentence reversed and case remanded for re-sentencing.