519 A.2d 422

COMMONWEALTH of Pennsylvania

v.

**Denise SCHEINERT, Appellant.**

Superior Court of Pennsylvania.

Argued May 28, 1986.

Filed Dec. 11, 1986.

Reargument Denied Jan. 27, 1987.

Drew Salaman, Philadelphia, for appellant.

Stephen B. Harris, Assistant District Attorney, Warrington, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and KELLY, JJ.

WIEAND, Judge:

Denise Scheinert was tried and found guilty of driving while under the influence of alcohol. She had previously been arrested and charged with the same offense in 1983, after the effective date of the mandatory sentence provisions of 75 Pa.C.S. § 3731(e). On that occasion, however, she had been accepted into the Accelerated Rehabilitation Disposition program (ARD), where she successfully completed a period of probation. When, on September 30, 1985, she appeared for sentencing for the later offense, the sentencing court treated her as a second offender and, consistent with the mandatory sentence provisions of 75 Pa.C.S. § 3731(e)(1)(ii), imposed a sentence of imprisonment for not less than thirty days nor more than one year.[1] On direct appeal from this judgment of sentence, Scheinert attacks the validity of the statutory provision which required the sentencing court to equate her prior participation in ARD with a first conviction. We find this argument lacking in merit and affirm the judgment of sentence.

1. The sentencing court also directed Ms. Scheinert to pay a fine of three hundred ($300) dollars and the costs of prosecution.

■ The legislature, at 75 Pa.C.S. § 3731(e)(2), has provided as follows:

Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction.

Appellant contends that this provision is in conflict with ARD rules adopted by the Supreme Court and, therefore, invalid. The adoption of general rules governing practice and procedure, she argues, has been vested exclusively in the Supreme Court by Article 5, section 10(c) of the Pennsylvania Constitution.

The Supreme Court's rationale for the ARD rules which it adopted was explained as follows:

The purpose of this program is to eliminate the need for lengthy motions, trials and other court proceedings, in cases which are relatively minor or which involve social or behavioral problems which can best be solved by programs and treatments rather than by punishment. In many cases, legal defenses may be available which would result in acquittal or delay in disposition of the charges. When immediate treatment is needed, however, defendant and counsel may be willing to have defendant undergo such treatment without an adjudication of guilt.

PA.R.Crim.P. 185 comment. The rules which the Court adopted,[2] however, are silent with respect to the collateral consequences of a defendant's participation in ARD. It must be conceded, as appellant calls to our attention, that this Court has held that participation in an ARD program may not be deemed a conviction for purposes of impeaching a witness. *Commonwealth v. Krall*, 290 Pa.Super. 1, 434 A.2d 99 (1981). On the other hand, in *Commonwealth v. Knepp*, 307 Pa.Super. 535, 453 A.2d 1016 (1982), the Court held that although ARD participation did not constitute a

**2.** Pa.R.Crim.P. 175 to 185.

conviction, a sentencing court did not commit error by taking into consideration the defendant's prior participation in such a diversionary program. Compare: *Commonwealth v. McSorley*, 335 Pa.Super. 522, 527, 485 A.2d 15, 18 (1984) (Cavanaugh, J., with McEwen, J. dissenting and Cirillo, J. concurring in result), *aff'd*, 509 Pa. 621, 506 A.2d 895 (1986) ("caselaw does not give a clear picture of how ARD affects the status of a criminal defendant").

These decisions, however, are not controlling of the issue now before us. The law is well-settled that "[i]t is the province of the legislature to determine the punishment imposable for criminal conduct." *Commonwealth v. Wright*, 508 Pa. 25, 40, 494 A.2d 354, 361 (1985), *affirmed sub nom., Pennsylvania v. McMillan*, — U.S. —, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). "The legislature has the right to fix the maximum penalty and likewise can, if it sees fit, name the minimum." *Commonwealth v. Glover*, 397 Pa. 543, 545, 156 A.2d 114, 116 (1959).

The legislature, at 75 Pa.C.S. § 3731(e)(2), has provided that for the purpose of computing the number of prior convictions for purposes of determining the sentence to be imposed for driving while under the influence of alcohol, participation in ARD shall be considered a first conviction. This was clearly within the province of the legislature to do. When it did so, it did not come into conflict with ARD rules adopted by the Supreme Court. It did not legislate in an area of procedure which had been vested exclusively by Constitution in the Supreme Court of Pennsylvania. It acted solely within its province to determine the punishment for criminal conduct.

Appellant contends additionally that by equating ARD participation with a prior conviction for sentencing purposes, Section 3731(e)(2) violated her right to due process of law under the United States and Pennsylvania Constitutions.[3] Fundamental fairness, she argues, commands that a prior charge may not be deemed a conviction for sentencing purposes unless the prior charge has result-

3. See: U.S. Const. amend. 14; Pa. Const. art. 1, § 9.

ed in an adjudication of guilt and the imposition of a judgment of sentence. We must reject this argument. Pa.R.Crim.P. 179 permits a defendant to be placed in the ARD program only after he or she has requested acceptance into the program, has indicated an understanding of the proceedings, and has accepted and agreed to comply with the conditions imposed by the trial court. "Defendants who accept ARD for drunk driving are now told that an ARD will be considered a conviction for sentencing purposes in the event of an arrest for drunk driving within the next seven years. Therefore, defendants who have accepted ARD since the effective date of the new drunk driving law have been given notice of the possible consequences of their acceptance." *Commonwealth v. Frost,* 342 Pa.Super. 173, 178, 492 A.2d 448, 450 (1985). In light of the voluntary character of ARD participation and the required notice of its collateral consequences, it cannot be said that notions of fundamental fairness are violated because the legislature has directed that a person who has once been on ARD shall be sentenced as a second offender if he or she is convicted of driving while under the influence of alcohol as a result of a second arrest within a seven (7) year period. See: *Commonwealth v. Godsey,* 342 Pa.Super. 24, 492 A.2d 44 (1985); *In re Appeal of Elias,* 70 Pa.Cmwlth.Ct. 404, 453 A.2d 372 (1982); *Commonwealth Department of Transportation v. McDevitt,* 57 Pa. Cmwlth.Ct. 589, 427 A.2d 280 (1981), *aff'd per curiam,* 500 Pa. 532, 458 A.2d 939 (1983).

[3] Appellant's contention that she was denied due process by the Commonwealth's failure to notify her of its intention to invoke Section 3731(e)(2) by an appropriate reference contained in the information is controlled by our decision in *Commonwealth v. Reagan,* 348 Pa.Super. 589, 502 A.2d 702 (1985) (en banc). In that case, we rejected the notion that due process required the Commonwealth to allege prior drunk driving convictions in a criminal information. See also: *Commonwealth v. Kopycinski,* 353 Pa.Super. 387, 510 A.2d 365 (1986); *Commonwealth v. Potts,* 352

Pa.Super. 299, 507 A.2d 1239 (1986); _Commonwealth v. Hess_, 348 Pa.Super. 600, 502 A.2d 707 (1985) (en banc).

■ Appellant contends finally that 75 Pa.C.S. § 3731(e)(2) is a bill of attainder and, therefore, is in violation of Article I, Section 9 of the Constitution of the United States. A bill of attainder is defined as a legislative enactment which determines guilt and inflicts punishment upon an identifiable person or group without a judicial trial. See: _Nixon v. Administrator of General Services_, 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867, 907 (1977); _United States v. Brown_, 381 U.S. 437, 445, 85 S.Ct. 1707, 1713, 14 L.Ed.2d 484, 490 (1965); _United States v. Lovett_, 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252, 1259 (1946). However, appellant misperceives the effect of 75 Pa.C.S. § 3731(e)(2). The statute does not, as appellant suggests, inflict punishment upon persons who choose to participate in ARD programs when charged for the first time with driving while under the influence of alcohol. Rather, the statute prescribes the punishment to be imposed _for a later conviction_ of driving while under the influence of alcohol after one has previously accepted the terms and conditions of ARD following an earlier arrest for driving while under the influence of alcohol. The conviction for which appellant was sentenced was imposed only after an adjudication of guilt. The sentence was not imposed for an unadjudicated charge which had resulted in her participation in an ARD diversionary program. The provisions of 75 Pa.C.S. § 3731(e)(2), therefore, do not require punishment where there has been no prior adjudication of guilt by trial or guilty plea. The provisions of 75 Pa.C.S. § 3731(e)(2) do not constitute a bill of attainder; they are not proscribed by constitution.

The judgment of sentence is affirmed.

KELLY, J., joins this opinion and files a concurring opinion.

CAVANAUGH, J., joins this opinion and also the concurring opinion of KELLY, J.

KELLY, Judge, concurring:

I join in the well-reasoned opinion of the majority. I write separately to address the apparent conflict between our finding that Accelerated Rehabilitation Disposition (ARD) participation must be considered the equivalent of a prior conviction under 75 Pa.C.S.A. § 3731(e)(2), and the statement in *Commonwealth v. Knepp*, 307 Pa.Super. 535, 541, 453 A.2d 1016, 1019 (1982), that "admission into an ARD program is not equivalent to a conviction under any circumstances."

Once a district attorney decides to move a defendant's admission into ARD,[1] notice is sent to defendant explaining the program. A hearing is held in open court where prosecution, defense, and the victims, if any, may present testimony to the court regarding the appropriateness of ARD. If the judge determines that ARD should be permitted, the judge then informs the defendant of the conditions of the program. If the defendant accepts the conditions and agrees to waive all applicable statutes of limitation and speedy trial rights, then the record is closed and the charges are held in abeyance pending completion or termination of the program. *See* Pa.R.Crim.P. 175–185.

If the defendant successfully completes the ARD program, the charges are dismissed and no conviction results. Pa.R.Crim.P. 185. The appellant may petition to have the record of the arrest and ARD participation expunged. *Commonwealth v. Armstrong*, 495 Pa. 506, 434 A.2d 1205 (1981).[2] Because there has been no conviction, ARD partic-

1. District attorneys have the sole discretion to move a defendant's admission into ARD. *See Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985). Appellate review of the district attorney's discretion is quite limited. *Id.*, 508 Pa. at 311–312, 495 A.2d at 935; *see also Pyle v. Court of Common Pleas*, 494 Pa. 323, 431 A.2d 876 (1981); *but see Commonwealth v. Kiehl*, 353 Pa.Super. 353, 509 A.2d 1313 (1986) (remand for hearing at which district attorney may place reasons for denying ARD on the record).

2. Although the Commonwealth bears the burden of establishing an overriding need for retaining the arrest records, such need is readily apparent in the context of drunk driving cases. *See Lutz, supra,* 508

ipation provides no basis for impeaching a witness. *Commonwealth v. Krall,* 290 Pa.Super. 1, 434 A.2d 99 (1981).[3]

In *Commonwealth v. McKellin,* 9 Pa. D. & C. 3d 572, 576 (1979), the court stated, "[t]he disburdening effect of successful ARD completion is not tantamount to a finding of innocence." The learned trial judge was correct. While ARD participation does not result in conviction, neither does it result in an acquittal. Consequently, an unexpunged ARD record may result in collateral consequences even though the direct consequences of arrest were avoided by ARD participation.

In Pennsylvania, prior unadjudicated arrests may properly be considered at sentencing provided the arrests are not regarded as establishing criminal conduct. *Commonwealth v. Shoemaker,* 226 Pa.Super. 203, 313 A.2d 342 (1973). Even arrests which resulted in acquittals may be considered at sentencing so long as the judge is aware of the acquittal. *Commonwealth v. Tisdale,* 233 Pa.Super. 77, 334 A.2d 722 (1975). Likewise, ARD participation may be considered by the sentencing judge as an appropriate sentencing factor. *Commonwealth v. Knepp, supra.*

Pursuant to 75 Pa.C.S.A. § 3731(e)(2), all ARD cases arising after January 15, 1983 shall be construed as being equivalent to a conviction in determining whether the minimum mandatory sentence applies. *See Commonwealth v. Frost,* 342 Pa.Super. 173, 492 A.2d 448 (1985); *Commonwealth v. Godsey,* 342 Pa.Super. 24, 492 A.2d 44 (1985). In *Commonwealth v. Wagner,* 352 Pa.Super. 295, 507 A.2d 1237 (1986), this Court stated that "[f]or sentencing purposes, an ARD acceptance is identical to a conviction for violating the drunk driving act." These statements are in apparent conflict with *Knepp, supra.*

Pa. at 312–313, 495 A.2d at 936; 75 Pa.C.S.A. §§ 1539(c), 1542(c), and 3731(e)(2).

**3.** "However, it is yet undecided whether the Commonwealth's right to show bias of a defense witness is sufficient to overcome the prohibition against inquiry into such matters as a juvenile record or admission into an ARD program." *Id.,* 290 Pa.Superior Ct. at 7, 434 A.2d at 101.

However, in *Commonwealth v. Potts*, 352 Pa.Super. 299, 301, 507 A.2d 1239, 1240 (1986), this Court explained that "75 Pa.C.S.A. § 3731(e)(2) defines the term conviction for sentencing purposes under the act. . . ." In other words, the term "conviction" has a special meaning under the act which is separate and distinct from the ordinary meaning of the word in other contexts. *See also Commonwealth, Dept. of Trans. v. McDevitt*, 57 Pa.Cmwlth. 589, 427 A.2d 280 (1981), *aff'd* 500 Pa. 532, 458 A.2d 939 (1983) ("participation in ARD program shall be considered a conviction for purposes of determining whether a person is a habitual offender under Section 1542 of the Vehicle Code").

The legislature has not turned the nonadjudicatory ARD into a conviction. Rather, it has designated two separate sentencing factors (A.R.D. participation or a prior conviction) as being equally adequate to trigger the imposition of a mandatory minimum sentence.[4] That the triggering factors are of unequal weight as sentencing factors is of no consequence. *See* 42 Pa.C.S.A. § 9714 (prior felonies of varying degrees of severity are equally effective in triggering mandatory sentence provisions). Thus, the conflict was one of semantics and not substance.

CAVANAUGH, J., joins this opinion and also the opinion of WIEAND, J.

---

**4.** It is important to note that outside of the special context of the mandatory minimum sentence triggering language contained in 75 Pa.C.S.A. § 3731(e)(2) and similar legislative enactments, sentencing courts are not required to give equal weight to ARD participation and prior convictions. *See Knepp, supra.* Thus, even in a drunk driving case, the sentencing judge may accord ARD participation less weight than a prior conviction in determining whether to sentence the offender to a period of incarceration in *excess* of the statutory minimum.