Denise SCHEINERT, Petitioner,

v.

James HENDERSON and J. Allen Nesbitt, Respondents, and the Attorney General of the State of Pennsylvania.

Civ. A. No. 92–5163.

United States District Court,
E.D. Pennsylvania.

Sept. 14, 1992.

See also 359 Pa.Super. 423, 519 A.2d 422.

Drew Salaman, Philadelphia, Pa., for petitioner.

Andrea Hudak, Doylestown, Pa., for respondents.

## MEMORANDUM

WALDMAN, District Judge.

### I.

Petitioner has filed a petition for a writ of habeas corpus and an accompanying motion for a stay of execution of her sentence or bail pending a decision on her petition. The petition and motion were filed shortly before the closing of the Clerk's office on Friday, September 4, 1992. Petitioner alleged that she had received notice that day of an order to commence the following morning a thirty day sentence for driving while intoxicated.

■ A district court has the authority to grant bail to a state prisoner pending review and resolution of a habeas corpus petition. *See In re Wainwright,* 518 F.2d 173, 174 (5th Cir.1975) (per curiam); *Pethel v. Attorney General of Indiana,* 704 F.Supp. 166, 169 (N.D.Ind.1989). Such authority should be exercised, however, only when a petitioner has presented a substantial meritorious constitutional claim *and* exceptional circumstances render the exercise of that authority necessary effectively to preserve the habeas remedy. *See Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992). Such a circumstance is present where the length or duration of a sentence is so short that it likely will have been served before a resolution of the habeas petition. *Id.* at 1239–40. It follows that a district court may stay execution of a sentence about to be served which is so short that to do otherwise could effectively impair the court's jurisdiction and nullify the

habeas remedy for a petitioner with a substantial meritorious claim.

■ The court was not in a position on Labor Day weekend adequately to assess the merits of petitioner's claim. It was apparent, however, that by the time the normal § 2254 review process would be completed, much or all of the petitioner's sentence may have expired. With the consent of counsel for the parties, the court entered a temporary stay of one week and provided for an accelerated disposition of petitioner's claim. The court set September 10, 1992 for hearing and argument on the habeas petition as well as the motion for a stay pending disposition of the petition. That proceeding has now been concluded.

### II.

In the early hours of May 16, 1983, petitioner was arrested by an Upper Moreland Township police officer for driving under the influence of alcohol and a controlled substance. She was subsequently charged in an information with violating 75 Pa. C.S.A. § 3731(a)(1), (2) and (3), waived arraignment and entered a plea of not guilty. On November 15, 1983, petitioner appeared before the Montgomery County Court of Common Pleas and, consistent with Pa. R.Crim.P. 176–179, was admitted to an accelerated rehabilitative disposition program (ARD).[1]

After January 15, 1983, acceptance by a defendant of ARD is treated as the equivalent of a conviction for purposes of sentence enhancement should defendant subsequently be arrested and convicted of driving while intoxicated. *See* 75 Pa.C.S.A. § 3731(e)(2). As such, a defendant convicted within seven years of an arrest resulting in ARD is subject to a mandatory minimum sentence of thirty days imprisonment. *See* 75 Pa.C.S.A. § 3731(e)(1)(ii).

On March 28, 1985, petitioner was convicted after a non-jury trial in the Bucks County Court of Common Pleas of driving under the influence of alcohol. Consistent

---

1. Consistent with the applicable procedure, petitioner executed a written waiver of her right to a speedy trial as well as the statute of limita-

tions. Upon successful completion of the ARD program, the diverted charge is dismissed. Petitioner completed the program without incident.

with § 3731(e)(1), she was sentenced on September 30, 1985 to thirty days imprisonment. She argues that in mandating an enhanced minimum sentence because of the prior ARD, the statute violates due process and constitutes a bill of attainder. The Common Pleas Court rejected her arguments as did the Superior Court, and her appeal to the Pennsylvania Supreme Court was denied. *See Commonwealth v. Scheinert*, 359 Pa.Super. 423, 519 A.2d 422 (1986), *appeal denied*, 517 Pa. 606, 536 A.2d 1330 (1987).

For reasons never adequately explained, the case "slipped between the cracks" in the Bucks County District Attorney's office following denial of the appeal, and petitioner was not notified to report to commence her sentence. Someone in the District Attorney's office "discovered" this situation in August of 1992 and obtained an order on September 1, 1992 directing petitioner to report to the Bucks County prison on September 4, 1992 to commence service of her sentence.

### III.

■ Petitioner contends that the treatment by the legislature of participation in ARD as if it were a conviction is arbitrary, irrational and fundamentally unfair, and thus § 3731(e)(2) violates substantive due process. The essence of the substantive due process requirement is protection of individuals from arbitrary or capricious governmental action. *See Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986). A law comports with substantive due process if it is rationally related to a legitimate governmental interest or objective. *See U.S. v. Holland*, 810 F.2d 1215, 1220–22 (D.C.Cir.), *cert. denied*, 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987); *Rogin v. Bensalem Twp.*, 616 F.2d 680, 689 (3d Cir.1980).

Petitioner argues that it is patently unfair and irrational for the legislature effectively to presume guilt on the part of a

defendant on ARD in the absence of any adjudication of the diverted charge or any independent factual demonstration of guilt. Given the significant burdens imposed upon a defendant electing ARD, it may not be irrational to assume that he or she would not choose this course unless faced with the likely prospect of conviction in the alternative.[2] Nevertheless, it must be assumed that an innocent person wrongly charged with driving under the influence might elect ARD, and thus the court will not uphold the statute on such a basis.

The legislature has not decreed that acceptance of ARD is a conviction, and the Commonwealth generally does not treat it as such. *See Commonwealth v. Feagley*, 371 Pa.Super. 593, 597–98, 538 A.2d 895 (1988); *Commonwealth v. Becker*, 366 Pa.Super. 54, 59, 530 A.2d 888 (1987). What the legislature has provided is that for purposes of triggering a mandatory minimum thirty day sentence for a defendant who has been convicted of driving under the influence, participation in an ARD program shall be considered, that is, treated the same as, a prior DUI conviction.

The purpose of the ARD program is to try to rehabilitate persons who appear to have an alcohol or drug problem without imposing the stigma and more severe potential consequences of a formal public adjudication. *See Feagley*, 371 Pa.Super. at 598, 538 A.2d 895. The Commonwealth clearly has a legitimate interest in combatting aggressively the perils posed by persons who drive under the influence of alcohol or other drugs.

It is rational for the legislature to conclude that persons who choose to drive while intoxicated after being placed under court supervision, attending a highway safety school, losing their driving privileges, undergoing counseling and paying costs are less deterrable and more dangerous than one who drives while intoxicated

---

2. In the instant case, the arresting officer swore in his affidavit that he smelled alcohol on petitioner's breath after observing her swerve off a highway into the side of a building at 2:35 a.m. on May 16, 1983. The results of blood and urine tests performed shortly thereafter revealed the presence of marijuana and a blood alcohol level of .25 percent, almost three times the legal limit of .09 percent.

without any prior exposure to such a criminal justice system program. *See Becker,* 366 Pa.Super. at 62, 530 A.2d 888.[3] If the legislature constitutionally can provide that a convicted drunk driver who has a prior conviction *or* who has participated in an ARD program shall receive a minimum penalty of thirty days incarceration, it may provide that for the purpose of triggering such a penalty participation in ARD shall be considered or treated as a conviction.

■ In concluding that § 3731(e)(2) is not fundamentally unfair, the Superior Court in this case noted that a defendant voluntarily elects ARD and is advised of the collateral potential future sentencing consequences of a subsequent DUI conviction. *See Scheinert,* 359 Pa.Super. at 428, 519 A.2d 422. It is unclear upon what the Court relied in making the latter observation. It merely cites to an earlier Superior Court case in which the same observation was made without reference or citation to anything. *See Commonwealth v. Frost,* 342 Pa.Super. 173, 178, 492 A.2d 448 (1985). The court admitting a defendant to ARD is not legally required to advise him or her of the potential future sentencing consequences. *Commonwealth v. Reeb,* 406 Pa.Super. 28, 35–36, 593 A.2d 853 (1991). Subsequent to its opinion in *Scheinert,* the Superior Court expressly declined to decide whether an ARD program participant who was not in fact advised of the effect of § 3731(e)(2) may be sentenced pursuant to that provision. *See Becker,* 366 Pa.Super. at 63 n. 4, 530 A.2d 888.

Respondent produced evidence of the practice of the Montgomery County District Attorney's office in November of 1983 from which it could be inferred, consistent with Fed.R.Evid. 406, that the assistant district attorney present at petitioner's ARD hearing advised her and the other defendants present of the potential future sentencing consequences of accepting ARD. The evidence that petitioner did not

in fact receive or comprehend such advice is equally compelling, although petitioner stopped short of testifying that had she been so advised, she would not have accepted ARD. She merely testified that she likely would have had further discussion with her attorney.

■ While the court believes that it would be desirable to include a notification of the future potential sentencing effects of participation in ARD, *see Reeb,* 406 Pa.Super. at 36, 593 A.2d 853, it does not believe that the failure to require or provide notice of such a collateral consequence of a decision to avert prosecution by electing ARD renders § 3731(e)(2) unconstitutional on its face or as applied. This statute had been enacted and published for almost a year prior to petitioner's election of ARD and for over two years at the time she drove drunk in 1985.

■ In an analogous context where a defendant is waiving a right to trial and pleading guilty, and indeed typically giving up more and benefitting less than a defendant electing ARD, the court is not constitutionally required to warn him or her of the collateral consequences thereof. *See, e.g., U.S. v. Edwards,* 911 F.2d 1031, 1035 (5th Cir.1990) (failure to advise of enhancing effect on subsequent sentence); *U.S. v. Romero–Vilca,* 850 F.2d 177, 179 (3d Cir. 1988) (failure to advise defendant that he would face deportation); *Torrey v. Estelle,* 842 F.2d 234, 235 (9th Cir.1988) (failure to explain to plea bargaining defendant that if state youth authority determined he was not amenable to treatment, he could be resentenced to up to life imprisonment as adult); *U.S. v. Persico,* 774 F.2d 30, 33 (2d Cir.1985) (failure to advise plea bargaining defendant that plea could be used to establish predicate offense in RICO investigation pending before grand jury, which could result in substantial additional penalties); *Wright v. U.S.,* 624 F.2d 557, 561 (5th

**3.** Petitioner also appears to argue that she was denied procedural due process when the sentencing court treated her as guilty of the charge resulting in ARD without an adequate factual basis for doing so. If, however, it is constitutional to consider the undisputed fact that petitioner had been in an ARD program *per se,* without regard to her guilt or innocence of the underlying charge, it follows that there was no due process violation in not conducting a presentence hearing regarding her guilt of that charge.

Cir.1980) (failure to explain potential enhancement effect on subsequent sentence); *Cuthrell v. Director, Patuxent Institution*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973).

## IV.

Petitioner also contends that § 3731(e)(2) constitutes a bill of attainder and thus violates Article I, § 10 of the Constitution. The essence of a bill of attainder is the legislative imposition of punishment on designated individuals without a judicial determination of blame. *See Selective Service System v. Minnesota Public Interest Research Group*, 468 U.S. 841, 847, 104 S.Ct. 3348, 3352, 82 L.Ed.2d 632 (1984); *Nixon v. Administrator of General Services*, 433 U.S. 425, 468, 97 S.Ct. 2777, 2802, 53 L.Ed.2d 867 (1977). Section 3731(e)(2) does not impose punishment for alleged crimes resulting in ARD. Rather, it prescribes punishment for persons convicted in a judicial proceeding of a crime after being afforded the opportunity to participate in an ARD program. The provision does not inflict punishment for the underlying unadjudicated arrest prior to ARD, although as the Superior Court in this case noted, prior unadjudicated arrests may be considered at sentencing as long as guilt is not inferred therefrom. *Scheinert*, 359 Pa.Super. at 427, 519 A.2d 422 (Kelly, J. concurring).[4] Section 3731(e)(2) is not a bill of attainder.

## V.

In treating acceptance of ARD as equivalent to a conviction for the sole purpose of triggering a minimum sentence requirement, the Pennsylvania legislature did not act arbitrarily, irrationally or in disregard of notions of fundamental fairness. On its face and as applied to petitioner, § 3731(e)(2) comports with due process requirements.

The statute does not penalize conduct which results in an unadjudicated arrest.

Rather, it mandates consideration of the fact that one convicted of drunk driving has participated in an ARD program in determining the minimum penalty for the offense resulting in conviction. It is not a bill of attainder.

As petitioner has not presented meritorious constitutional claims on which she may prevail, she is not entitled to a stay or bail. The petition for a writ of habeas corpus also will be denied and this action dismissed.

---

**4.** While Judge Kelly's opinion is published as a concurrence, one of the three judge panel joined in it and thus presumably both opinions must be read as commanding the support of a majority of the panel.