J-S13004-23
J-S13005-23

2023 PA Super 196

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT CHARLES HIND | : | No. 1787 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000173-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALEXANDER JOSEPH WIESENBERG | : | No. 1789 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000146-2021

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY NICHOLS, J.: **FILED OCTOBER 10, 2023**

In these two appeals,[1] the Commonwealth appeals from judgments of

sentence imposed after Robert Charles Hind and Alexander Joseph

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We address both these appeals together, pursuant to Pa.R.A.P. 513. These
cases involve not only the same issue, but the appeals were filed by the same
*(Footnote Continued Next Page)*

Wiesenberg (collectively, Appellees) each pled guilty to driving under the influence (DUI) of alcohol—highest rate. In both appeals, the Commonwealth argues that the trial court should have treated Appellees' prior acceptance of Accelerated Rehabilitative Disposition (ARD) for a DUI charge as a prior offense for sentencing purposes in accordance with *Commonwealth v. Richards*, 284 A.3d 214 (Pa. Super. 2022) (*Richards I*) (*en banc*), *appeal granted*, 294 A.3d 300 (Pa. 2023) (*Richards II*) (*per curiam* order), and *Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022) (*en banc*). After careful review, we affirm the judgments of sentence.

The relevant facts and procedural history underlying each appeal is as follows:

### *Commonwealth v. Hind* - 1787 EDA 2022

Hind was arrested for DUI and related traffic offenses following a vehicle stop on October 7, 2020. The Commonwealth filed bills of information charging Hind with DUI—general impairment (second offense) and DUI—highest rate of alcohol (second offense).[2] On February 17, 2022, Hind entered a guilty plea to DUI—highest rate of alcohol.

_____

assistant district attorney and both judgments of sentence were imposed by the same trial court judge. The briefs for the Commonwealth and the trial court opinions in both appeals are virtually identical. *See, e.g.*, *Commonwealth v. Chichkin*, 232 A.3d 959, 961 n.1 (Pa. Super. 2020) (addressing related appeals in a single opinion).

[2] 75 Pa.C.S. §§ 3802(a)(1) and (c), respectively.

On June 3, 2022, the trial court conducted a sentencing hearing. At that time, the Commonwealth argued that Hind's DUI conviction should be considered a second offense because he had completed ARD for a DUI charge within the previous ten years. N.T. Sentencing Hr'g (**Hind**), 6/3/22, at 4. Ultimately, the trial court concluded that it would consider Hind a first-time offender for sentencing purposes in accordance with **Chichkin**. **See** **Chichkin**, 232 A.3d at 969-71 (holding that 75 Pa.C.S. § 3806(a), which classified ARD as a prior offense in a DUI prosecution, violates due process), *overruled by* **Richards I**, 284 A.3d at 220, *and* **Moroz**, 284 A.3d at 233. Therefore, the trial court sentenced Hind to a term of 72 hours to six months' incarceration, the mandatory minimum sentence for DUI—highest rate (first offense), plus mandatory fines and court costs. **See** 75 Pa.C.S. § 3804(c)(1).

The Commonwealth filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion addressing the Commonwealth's claim.

### ***Commonwealth v. Wiesenberg*** - 1789 EDA 2022

Wiesenberg was arrested for DUI and related traffic offenses following a vehicle stop on October 21, 2020. The Commonwealth filed bills of information charging Appellee with, *inter alia*, DUI—general impairment (second offense) and DUI—highest rate of alcohol (second offense). On February 17, 2022, Appellee entered a guilty plea to DUI—highest rate of alcohol.

On June 3, 2022, the trial court conducted a sentencing hearing. At that time, the Commonwealth argued that Appellee's DUI conviction should be considered a second offense because he had a prior DUI-related ARD within the previous ten years. N.T. Sentencing Hr'g, 6/3/22 (**Wiesenberg**), at 6-7. Ultimately, just as in **Hind**, the trial court concluded that Wiesenberg would be considered a first-time offender for sentencing purposes in accordance with **Chichkin**. Therefore, the trial court sentenced Appellee to a term of 72 hours to six months' incarceration plus mandatory fines and court costs.

The Commonwealth filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion addressing the Commonwealth's claim.[3]

**Analysis**

In both appeals, the Commonwealth raises the following issue for our review:

> Whether the sentence imposed is an illegal sentence, when [Appellee's] acceptance of ARD for DUI should qualify as a prior offense for the purposes of the DUI sentencing enhancement provisions at 75 Pa.C.S. § 3803, 75 Pa.C.S. § 3804, and 75

---

[3] While this appeal was pending, on January 6, 2023, James R. Elliott, Esq., filed a praecipe to enter his appearance on behalf of Wiesenberg. On April 4, 2023, Wiesenberg sent this Court a *pro se* correspondence, in which he indicated that he may have been abandoned by counsel. This Court entered an order on May 4, 2023, directing the trial court to determine whether Attorney Elliott abandoned Wiesenberg and, if necessary, to take further action as required to protect Wiesenberg's rights. Order, 1789 EDA 2022, 5/4/23. The trial court, after holding a hearing, appointed Matthew J. Galasso, Esq., to represent Wiesenberg. Attorney Galasso subsequently filed an appellate brief on Wiesenberg's behalf.

Pa.C.S. § 3806, contrary to the holding of ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020)?

Commonwealth's Brief (***Hind***) at 4; Commonwealth's Brief (***Wiesenberg***) at 4 (formatting altered).

In its sole issue on appeal, the Commonwealth contends that the trial court imposed illegal sentences when it imposed the mandatory minimum sentence for a first DUI offense. In support, the Commonwealth reiterates that Hind entered the ARD program in 2014, and Wiesenberg entered the ARD program in 2021, both of which were during the ten-year lookback period for DUI offenses. Commonwealth's Brief (***Hind***) at 14-15; Commonwealth's Brief (***Wiesenberg***) at 14-15. Therefore, the Commonwealth concludes that in accordance with ***Richards I*** and ***Moroz***, we should vacate Appellees' respective sentences and remand for resentencing.

In reviewing the Commonwealth's claim, we are guided by the following principles:

> Issues relating to the legality of a sentence are questions of law. When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

***Commonwealth v. Ramos***, 197 A.3d 766, 768-69 (Pa. Super. 2018) (citations omitted and formatting altered).

As noted previously, the trial court sentenced Appellees as first-time offenders based on this Court's decision in ***Chichkin***. However, while the

- 5 -

instant appeal was pending, an *en banc* panel of this Court overruled **Chichkin** and held that, "Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." **Richards I**, 284 A.3d at 220; **see also Moroz**, 284 A.3d at 233 (same).[4],[5]

Following **Richards I** and **Moroz**, this Court has held that a defendant who completed the ARD program for a DUI offense within the ten-year lookback period of Section 3806 should be treated as a second-time offender for purposes of DUI sentencing. **See Commonwealth v. Hummel**, 295 A.3d 719, 721 (Pa. Super. 2023) (vacating the defendant's judgment of sentence and remanding for resentencing); **see also Commonwealth v. Scheppard**, 2261 EDA 2022, 2023 WL 4417518, at *2-3 (Pa. Super. filed July 10, 2023) (unpublished mem.) (applying **Hummel** and vacating a defendant's judgment

---

[4] As noted above, our Supreme Court has granted an appeal from this Court's decision in **Richards I**, on the question of whether the sentencing scheme set forth in the DUI statute regarding the classification of acceptance of ARD is constitutional. **See Richards II**, 294 A.3d at 300-01. However, because our Supreme Court has not yet decided this issue, we remain bound by existing precedent. **See Commonwealth v. Reed**, 107 A.3d 137, 143 (Pa. Super. 2014) (stating that we are bound by existing precedent until such time it is overturned).

[5] We note that the Pennsylvania Supreme Court recently addressed this Court's application of **Chichkin** in **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023). However, because the **Verbeck** Court was equally divided, we can derive no precedential value from that decision. **See Commonwealth v. Mosley**, 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015) (stating that "[w]hen a judgment of sentence is affirmed by an equally divided court . . . no precedent is established and the holding is not binding on other cases" (citation omitted)).

- 6 -

of sentence and remanding for resentencing for a second-offense DUI after the defendant completed the ARD program for a DUI offense within the ten-year lookback).

Our Supreme Court has mandated that all Pennsylvania courts, appellate and trial courts alike, are duty bound to apply the law in effect at the time of a decision. **See Behers v. Unemployment Compensation Bd. of Review**, 842 A.2d 359, 367 (Pa. 2004) (explaining that it is the duty of the "courts below . . . to effectuate the decisional law of [our Supreme] Court"); **see also Smith v. A.O. Smith Corp.**, 270 A.3d 1185, 1194 (Pa. Super. 2022) (noting that trial courts are bound by existing precedent), *appeal denied*, 283 A.3d 1247 (Pa. 2022); **Commonwealth v. Seskey**, 170 A.3d 1105, 1109 (Pa. Super. 2017) (holding that this Court is bound to follow our Supreme Court's decisional law). Further, litigants are entitled to the benefit of changes in the law that occur before the judgment is final. **Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018); **see also Hummel**, 295 A.3d at 721 (applying **Chesney** to conclude that the Commonwealth benefited from a change in the law that occurred while the Commonwealth's appeal was pending).

Here, in both cases, the record reflects that at sentencing, the Commonwealth acknowledged that the trial court had no choice but to sentence Appellees as first-time DUI offenders pursuant to **Chichkin**, which was in effect at the time of both sentencing hearings. **See** N.T. Sentencing Hr'g (**Hind**), 6/3/22, at 7; N.T. Sentencing Hr'g (**Wiesenberg**), 6/3/22, at 6.

However, the Commonwealth did not request that the trial court stay Appellees' sentences while the instant appeals were pending. The Commonwealth also made the following argument:

> [T]he Commonwealth does believe that there is an argument against [sentencing Appellee as a first-time DUI offender], and that argument is currently pending in [the appellate courts]. We do believe that this is something that could potentially change, and we do believe it has a significant merit in order to allow the Commonwealth to see these DUI offenses with an underlying ARD offense prior to it being graded in the future as a subsequent . . . DUI. However, in this case, it would be a second [offense]. So, Your Honor I do believe that at this point in time although the Commonwealth believes that it should be graded as a second offense DUI the case law does not allow for that. However, that may change given the pending cases that are up on [a]ppeal.

N.T. Sentencing Hr'g (**Hind**), 6/3/22, at 7-8.[6]

In his brief, Hind notes that he has finished serving his sentence for DUI in its entirety and is no longer under the supervision of Pike County Probation and Parole Department. Hind's Brief at 6. The record further reflects that Hind has paid the fines, costs, and fees associated with this case in their entirety. **See** Trial Ct. Criminal Docket at CP-52-CR-0000173-2021 (**Hind**); R.R. at 13a.[7] Therefore, Hind argues that "it would be unjust to reopen this matter as **Chichkin** was controlling during the plea, sentencing, and completion of the sentence." Hind's Brief at 6. Likewise, Wiesenberg states

---

[6] The Commonwealth made a virtually identical argument in **Wiesenberg**. N.T. Sentencing Hr'g (**Wiesenberg**), 6/3/22, at 6-7.

[7] We may refer to the reproduced record for the parties' convenience.

that he completed serving his sentence in its entirety, is no longer under the supervision of Pike County Probation and Parole Department, and has paid all fines, fees, and costs associated with his conviction. *See* Trial Ct. Criminal Docket at CP-52-CR-0000146-2021 (*Wiesenberg*); Wiesenberg's Brief at 20. Wiesenberg argues that being subject to resentencing would be a violation of his rights against double jeopardy, as he is entitled to an expectation of finality in his sentence. *Id.* at 19.

Initially, we note that although *Hummel* and *Scheppard*[8] involved circumstances similar to the instant case, neither of those decisions addressed double jeopardy. Therefore, we conclude that the holdings in *Hummel* and *Scheppard* are distinguishable from the instant appeal.[9]

The Double Jeopardy Clause in the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution

---

[8] *Scheppard* involved a nearly identical factual and procedural posture as the instant appeals, as these appeals and *Scheppard* are Commonwealth appeals from judgments of sentence entered by the Court of Common Pleas of Pike County in which the trial court sentenced prior participants in the ARD program as first-time offenders pursuant to *Chichkin*. *See Scheppard*, 2023 WL 4417518 at *1. We further acknowledge that there may be other cases pending before this Court raising similar issues and with similar procedural postures. Those cases will be addressed in separate dispositions.

[9] The defendant in *Hummel* did not file an appellate brief with this Court in response to the Commonwealth's appeal. Pursuant to this Court's disposition, the trial court in *Hummel* re-sentenced the defendant on June 19, 2023. Neither party appealed from the trial court's June 19, 2023 judgment of sentence. *See* Court of Common Pleas of Adams County Criminal Docket at CP-01-CR-0000309-2022.

provide that no person may be "twice put in jeopardy" for the same offense. U.S. Const., amend. V; Pa. Const. Art. I, § 10. The Double Jeopardy Clause "protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense." **United States v. Dinitz**, 424 U.S. 600, 606 (1976) (citations and footnote omitted). Our Supreme Court has held that a sentence that exposes a defendant to double jeopardy is an illegal sentence. **Commonwealth v. Hill**, 238 A.3d 399, 411 (Pa. 2020).

However, the protection against double jeopardy does not attach until after the defendant has a legitimate expectation of finality in the sentence. **Commonwealth v. Kunish**, 602 A.2d 849, 852-53 (Pa. 1992). This Court has explained that "[w]here a sentence is statutorily subject to appeal by the defendant or the Commonwealth, the defendant has no legitimate expectation of finality in his sentence and double jeopardy protection does not attach." **Commonwealth v. Minnis**, 83 A.3d 1047, 1050-51 (Pa. Super. 2014) (*en banc*) (citations omitted); **see also Commonwealth v. Postell**, 693 A.2d 612, 614-16 (Pa. Super. 1997) (finding no violation of the defendant's double jeopardy rights when the trial court imposed a longer minimum sentence based on the Commonwealth's post-sentence motion). However, a defendant has an expectation of finality in his sentence once an appeal has concluded or when the period in which an appeal can be filed has expired. **See generally Commonwealth v. Jones**, 554 A.2d 50, 52 (Pa. 1989).

In **Hess**, an *en banc* panel of this Court considered the double jeopardy implications of resentencing a defendant who had already finished serving his

original sentence. *Commonwealth v. Hess*, 502 A.2d 707, 709 (Pa. Super. 1985) (*en banc*). In that case, the defendant pled guilty to one count of DUI. *Id.* at 708. At sentencing, the Commonwealth argued that the defendant had been convicted of a previous DUI offense during the statutory lookback period and was therefore subject to a higher mandatory minimum sentence. *Id.* Despite the Commonwealth's arguments, the trial court "refused to consider any prior convictions of [the defendant] because the criminal information did not allege any prior convictions." *Id.*

On appeal, the *Hess* Court concluded that because the trial court failed to properly apply the mandatory minimum sentence statute, the defendant's sentence was illegal. *Id.* at 709. Further, the Court explained that the DUI statute in effect at the time of the defendant's sentencing permitted the Commonwealth to appeal from a judgment of sentence if the mandatory minimum sentence was not properly imposed. *Id.* at 710. The Court ultimately concluded that in a situation where the trial court imposes an illegal judgment of sentence, and the sentencing statute at issue grants the Commonwealth the right to appeal, it "leaves open the possibility of the original sentence being vacated because it is not in compliance with the statute and the proper, legislatively mandated, increased minimum sentence being imposed." *Id.* at 711. Therefore, this Court vacated the defendant's illegal judgment of sentence and remanded the case for re-sentencing, even though the defendant had already served the underlying sentence in its entirety. *Id.*

In *Commonwealth v. Sojourner*, 518 A.2d 1145 (Pa. 1986), our Supreme Court granted review in two cases where the defendants had been convicted and sentenced for DUI, both of whom were first-time DUI offenders. *Sojourner*, 518 A.2d at 1146. The Philadelphia Municipal Court imposed a sentence on each defendant of one year of probation on the condition that the defendants receive treatment for alcoholism.[10] *Id.* Ultimately, the *Sojourner* Court concluded that because the sentencing provision set forth in the DUI statute was mandatory, the trial court was precluded from exercising its discretion to impose a sentence that was less than the statutory minimum. *Id.* at 1148. The Court then explained that "[t]he United States Supreme Court has held that where punishment pursuant to a statute is clear and explicit, principles of double jeopardy are not violated where that statute permits authorities to obtain an increased sentence on appeal." *Id.* at 1149 (citation omitted). Therefore, to the extent resentencing on the DUI offenses could potentially affect the defendants' double jeopardy rights, the *Sojourner* Court concluded that it was "amply apparent that resentencing pursuant to [the DUI sentencing statute] does not violate federal double jeopardy standards[]" or the double jeopardy guarantee included in the Pennsylvania constitution. *Id.* at 1149 & n.6 (citations omitted).

---

[10] The mandatory minimum sentence in effect at the time the *Sojourner* defendants were sentenced required a sentencing court to impose a term of imprisonment of not less than forty-eight consecutive hours and a fine of not less than $300.00. 75 Pa.C.S. § 3731(e)(1)(i) (repealed eff. Feb. 1, 2004).

Here, unlike the sentence in **Hess**, it is undisputed that Appellees' sentences were legal at the time they were imposed. **Cf. Hess**, 502 A.2d at 709 (noting that the defendant's sentence was patently illegal at the time it was imposed because the trial court did not apply the mandatory minimum sentence statute).[11]   Further, unlike the defendants in **Sojourner**, both Appellees have completed serving their sentences. **See Sojourner**, 518 A.2d at 1146 (reflecting that the defendants had received a suspended sentence, which had the practical effect of staying the sentence until the defendants completed alcohol treatment).   Therefore, we conclude that both **Hess** and **Sojourner** are distinguishable.

Additionally, our research has not revealed any Pennsylvania appellate court decisions vacating a sentence that was legal at the time it was imposed and remanding for resentencing because of changes in case law that were not in effect until after the defendant completed serving the underlying sentence in its entirety. **Cf. Hess**, 502 A.2d at 709 (remanding for resentencing despite the fact that the defendant had already served sentence in its entirety because the trial court imposed an illegal sentence that was not authorized by current authority).

When confronted with an issue not yet decided "by the courts of this Commonwealth, we may turn to the courts of other jurisdictions. . . . for

---

[11] We do note, however, that the current DUI sentencing statute does permit the Commonwealth to appeal from a judgment of sentence that does not comply with the DUI sentencing scheme. **See** 75 Pa.C.S. § 3804(h).

guidance to the degree we find them useful and not incompatible with Pennsylvania law." ***Commonwealth v. Manivannan***, 186 A.3d 472, 483-84 (Pa. Super. 2018) (citation omitted and formatting altered).

In Massachusetts, appellate courts have considered the following factors when determining whether a defendant had an expectation of finality in a sentence: (1) whether the underlying sentence was legal or illegal; (2) the timeliness of the motion to revise or revoke the sentence; (3) whether a motion to stay the execution of sentence pending appeal has been filed; and (4) whether the sentence has already been fully served. ***Commonwealth v. Ellsworth***, 146 N.E.3d 1121, 1127 (Mass. 2020). We note, however, that Massachusetts case law prohibits resentencing a defendant who has already served the entirety of the original underlying sentence. ***Commonwealth v. Scott***, 22 N.E.3d 171, 173-74 (Mass. App. 2015); ***see also Commonwealth v. Parillo***, 14 N.E.3d 919, 921 (Mass. 2014) (stating that a judge may not resentence the defendant on convictions "for which the defendant has already served his sentence, because any such resentencing would result in an increase in punishment in violation of double jeopardy principles" (citation omitted)).

Similarly, in New York, criminal defendants have a legitimate expectation of finality in a completed sentence; however, that expectation does not apply until either an appeal has been completed or the time for filing an appeal has expired. ***See People v. Williams***, 925 N.E.2d 878, 891 (N.Y. 2010).

In Pennsylvania, we recognize that Section 3804(h) of the Motor Vehicle Code provides the Commonwealth with the authority to appeal from a judgment of sentence that does not comply with the applicable mandatory minimum sentence provisions. *See* 75 Pa.C.S. § 3804(h). However, in the instant case, at the time the trial court imposed its judgment of sentence on June 3, 2022, ***Chichkin*** remained in effect, and would remain so until October 4, 2022, when an *en banc* panel of this Court overturned ***Chichkin*** in ***Richards I***. We acknowledge that Appellees' original sentences that were legally imposed on June 3, 2022, are now inconsistent with this Court's October 4, 2022, *en banc* decision, ***Richards I***, which is pending review before our Supreme Court. ***See Richards II***, 294 A.3d at 300-01. However, Appellees have completed serving their sentences. Indeed, the record reflects that Appellees have served their respective sentences in their entirety, are no longer under the supervision of the Pike County Probation and Parole Department, and have paid all fines, fees, and costs associated with their respective convictions.

Under the unique and limited circumstances in this case, we conclude that because Appellees served their entire sentences for their underlying DUI convictions, and the judgments of sentence imposed in their respective cases were legal at the time they were imposed, vacating Appellees' judgments of sentence and remanding for resentencing would violate Appellees' constitutional protections against double jeopardy.

In reaching this conclusion, we are fully aware of the Pennsylvania case law which states that there is no expectation of the finality of sentence for double jeopardy purposes in cases where the Commonwealth has the statutory right to appeal from the judgment of sentence. **See Minnis**, 83 A.3d at 1050-51; 75 Pa.C.S. § 3804(h). Instantly, however, given the pendency of appellate review for certain **Chichkin** related cases, the Commonwealth, at the time of the June 3, 2022 sentencing of Appellees, chose not to request the trial court to stay Appellees' sentences. Accordingly, the trial court properly imposed its sentences consistent with then-controlling case law, which it is duty bound to do, and Appellees completed serving their sentences. As we have discussed, other jurisdictions, under similar circumstances, have determined that the interests of justice are best served by concluding that a defendant may not be resentenced after serving the underlying sentence in its entirety. These cases although not binding, are instructive for consideration by our courts. **See Scott**, 22 N.E.3d at 173-74; **Williams**, 925 N.E.2d at 891.

For these reasons, under current Pennsylvania law, we hold that instantly, Appellees have a legitimate expectation of the finality of their completed sentences, which were legal and proper when imposed by the trial court. **Cf. Sojourner**, 518 A.2d at 1146-49. Under these circumstances, even if the Commonwealth had the statutory right to appeal, we conclude that a new sentence would violate the constitutional protections guaranteed to Appellees against double jeopardy under the United States Constitution and

the Pennsylvania Constitution.  **See** U.S. Const., amend. V; Pa. Const. Art. I,

§ 10.  Accordingly, we affirm.

Judgments of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2023