J-S36012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
DANIEL T. NICHOLAS   :
  :
Appellant   :   No. 659 MDA 2024

Appeal from the Judgment of Sentence Entered April 3, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000207-2023

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

JUDGMENT ORDER BY LAZARUS, P.J.:     **FILED OCTOBER 17, 2024**

Daniel T. Nicholas appeals from the judgment of sentence, entered in the Court of Common Pleas of Union County, after entering a guilty plea to Driving Under the Influence—Combination Alcohol/Drug—3rd Offense (DUI—third offense).[1] After careful review, we affirm.

At the guilty plea hearing, the Commonwealth placed the following factual summary on the record: "[O]n May 6[], 2023[,] in [] Lewisburg,[] Nicholas drove a vehicle on a highway of the Commonwealth at the time when he was under the combined influence of alcohol at a .19 percent blood-alcohol level and also under the influence of marijuana." N.T. Guilty Plea Hearing, 4/3/24, at 7.

_____

[1] 75 Pa.C.S.A. § 3802(d)(3).

Nicholas was subsequently charged with, *inter alia*, DUI—third offense and ultimately entered into a negotiated guilty plea wherein he agreed to plead guilty in exchange for the Commonwealth recommending a sentence of restrictive probation.[2] ***See id.*** at 4-5 (trial court placing guilty plea conditions on record and explaining DUI—third offense minimum sentencing requirements). Relevantly, Nicholas had completed the Accelerated Rehabilitative Disposition program (ARD) for his first DUI offense. ***See id.*** at 8-9. The trial court explained that, under the current law espoused in ***Commonwealth v. Richards***, 284 A.3d 214 (Pa. Super. 2022) (en banc) and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. Super. 2022) (en banc),[3] where Nicholas' ARD is statutorily construed as a conviction for purposes of computing his sentence on this subsequent conviction, Nicholas was pleading guilty to his third offense of DUI. ***See*** N.T. Guilty Plea Hearing, 4/3/24, at 10-11. Nicholas' counsel conceded that ***Richards*** and ***Moroz*** were binding law, and that counsel intended the preserve the issues for appeal. ***See id.*** at 9-10.

---

[2] In addition, Nicholas' numerous other vehicle code violations were dismissed.

[3] In ***Richards***, this Court, sitting *en banc*, expressly overruled ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020), and concluded that ARD is statutorily construed as a conviction for purposes of computing sentences on subsequent convictions. ***See Richards***, 284 A.3d at 220. Additionally, this Court determined that 75 Pa.C.S.A. § 3806 passes constitutional muster. ***See id.***; ***see also Moroz***, 284 A.3d at 233 ("[s]ection 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a [s]ection 3804 mandatory minimum sentence, passes constitutional muster").

On the same day, the trial court sentenced Nicholas for his conviction of DUI—third offense, in accordance with *Richards* and *Moroz*, to a period of 7 years' restrictive probation. Additionally, the trial court ordered that Nicholas pay fines, fees, and costs of prosecution and attend Alcohol Highway Safety School. Nicholas did not file a post-sentence motion.

Nicholas filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Nicholas now raises the following claims for our review:

> 1. In light of *Alleyne v. United States*, 70 U.S. 99 (2013)[,] was it not unconstitutional for the [t]rial [c]ourt to consider [Nicholas'] past acceptance of ARD as a prior offense for sentencing purposes since ARD does not provide a citizen with the procedural protections afforded by *Alleyne* [that] a prior offense can only be determined by proof beyond a reasonable doubt?
>
> 2. Is it not fundamentally unfair and a violation of due process to equate a prior acceptance of ARD with a prior conviction for purposes of a recidivist mandatory minimum sentence even though that acceptance involved no proof of guilt beyond a reasonable doubt?

Brief for Appellant, at 5.

In both arguments, Nicholas challenges the trial court's consideration of his prior ARD acceptance as a first conviction. *See* Brief for Appellant, at 8-24. Despite this contention, Nicholas acknowledges that this Court's decisions in *Richards* and *Moroz* are binding on this Court and the trial court. *See* Brief for Appellant, at 16.

After reviewing Nicholas' arguments and the trial court's conclusions, we are constrained to conclude that the trial court did not err. Notably, as

Nicholas concedes, his claims are rendered meritless by this Court's *en banc* decisions in **Richards** and **Moroz**. We observe that the **Richards** decision is pending review before our Supreme Court. ***See Commonwealth v. Richards***, 294 A.3d 300 (Pa. 2023) (Table). Nevertheless, both cases remain binding law on this Court and the trial court. ***See Commonwealth v. Hind***, 304 A.3d 413, 417-18 (Pa. Super. 2023) ("[A]ll Pennsylvania courts, appellate and trial courts alike, are duty bound to apply the law in effect at the time of a decision.") (citation omitted); ***see also Commonwealth v. Reed***, 107 A.3d 137, 143 (Pa. Super. 2014) (Superior Court bound by existing precedent until such time it is overturned). Consequently, we are constrained to conclude that the trial court did not err by following binding case law and we affirm. ***See Richards***, ***supra***; ***Moroz***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024

- 4 -