J-S36007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AMY LOUISE BITLER :
:
Appellant : No. 29 MDA 2024

Appeal from the Judgment of Sentence Entered December 7, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000307-2023

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED OCTOBER 17, 2024**

Amy Louise Bitler appeals from the judgment of sentence, entered in the Court of Common Pleas of Lycoming County, after entering a guilty plea to Driving Under the Influence—Highest Rate—2nd Offense (DUI—second offense).[1] After careful review, we affirm.

On August 21, 2022, Bitler was arrested and charged with DUI—second offense and several vehicle code violations because she was operating a vehicle with a blood alcohol content of .26 on College Place in Williamsport. Subsequently, on July 7, 2023, Bitler entered into a negotiated plea agreement wherein she agreed to plead guilty to DUI—second offense and, in exchange, the remaining offenses were dismissed and the Commonwealth recommended electronic home monitoring. Relevantly, Bitler had previously

---

[1] 75 Pa.C.S.A. § 3802(c).

completed the Accelerated Rehabilitative Disposition program (ARD) for her first DUI offense. **See** N.T. Sentencing Hearing, 12/7/23, at 1-8 (trial court discussing Bitler's prior ARD acceptance).

At sentencing, the trial court explained that, under the current law espoused in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (en banc) and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (en banc),[2] where Bitler's ARD is statutorily construed as a conviction for purposes of computing her sentence on this subsequent conviction, Bitler was required to be sentenced on her second offense of DUI. **See** N.T. Sentencing Hearing, 12/7/23, at 1-5, 9-10. Bitler's counsel conceded that **Richards** and **Moroz** were binding law, and that counsel intended to preserve the issues for appeal. **See id.** at 9-10.

Ultimately, the trial court sentenced Bitler for her conviction of DUI—second offense, in accordance with **Richards** and **Moroz**, to a period of 5 years' restrictive probation on electronic home monitoring. Additionally, the trial court ordered that Bitler pay fines, fees, and costs of prosecution and

---

[2] In **Richards**, this Court, sitting *en banc*, expressly overruled **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), and concluded that ARD is statutorily construed as a conviction for purposes of computing sentences on subsequent convictions. **See Richards**, 284 A.3d at 220. Additionally, this Court determined that 75 Pa.C.S.A. § 3806 passes constitutional muster. **See id.**; **see also Moroz**, 284 A.3d at 233 ("[s]ection 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a [s]ection 3804 mandatory minimum sentence, passes constitutional muster").

attend Alcohol Highway Safety School. Bitler did not file a post-sentence motion.

Bitler filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Bitler now raises the following claims for our review:

> 1. In light of **Alleyne v. United States**, 70 U.S. 99 (2013)[,] was it not unconstitutional for the [t]rial [c]ourt to consider [Bitler's] past acceptance of ARD as a prior offense for sentencing purposes since ARD does not provide a citizen with the procedural protections afforded by **Alleyne** [that] a prior offense can only be determined by proof beyond a reasonable doubt?
>
> 2. Is it not fundamentally unfair and a violation of due process to equate a prior acceptance of ARD with a prior conviction for purposes of a recidivist mandatory minimum sentence even though that acceptance involved no proof of guilt beyond a reasonable doubt?

Brief for Appellant, at 5.

In both arguments, Bitler challenges the trial court's consideration of her prior ARD acceptance as a first conviction. **See** Brief for Appellant, at 9-26. Despite this contention, Bitler acknowledges that this Court's decisions in **Richards** and **Moroz** are binding on this Court and the trial court. **See** Brief for Appellant, at 11-12, 17.

After reviewing Bitler's arguments and the trial court's conclusions, we are constrained to conclude that the trial court did not err. Notably, as Bitler concedes, her claims are rendered meritless by this Court's *en banc* decisions in **Richards** and **Moroz**. We observe that the **Richards** decision is pending review before our Supreme Court. **See Commonwealth v. Richards**, 294

- 3 -

A.3d 300 (Pa. 2023) (Table). Nevertheless, both cases remain binding law on this Court and the trial court. **See Commonwealth v. Hind**, 304 A.3d 413, 417-18 (Pa. Super. 2023) ("[A]ll Pennsylvania courts, appellate and trial courts alike, are duty bound to apply the law in effect at the time of a decision.") (citation omitted); **see also Commonwealth v. Reed**, 107 A.3d 137, 143 (Pa. Super. 2014) (Superior Court bound by existing precedent until such time it is overturned). Consequently, we are constrained to conclude that the trial court did not err by following binding case law and we affirm. **See Richards**, **supra**; **Moroz**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024