J-A19026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN LEE SHOLAR | : | |
| | : | |
| Appellant | : | No. 1346 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 19, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004181-2021

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                  **FILED: FEBRUARY 20, 2025**

Kevin Lee Sholar ("Sholar") appeals from the judgment of sentence imposed following his resentencing for driving under the influence ("DUI")—high rate of alcohol and violating required financial responsibility.[1]  We affirm the convictions, vacate the judgment of sentence, and remand for the trial court to reinstate the original February 1, 2022 sentence.

We review in detail the intricate procedural history of this case, including intervening, relevant decisional law.  On July 11, 2021, the Commonwealth charged Sholar with multiple DUI offenses and required financial responsibility following a single-vehicle crash.  The Commonwealth charged the DUI

---

[*] Former Justice specially assigned to the Superior Court.
[1] *See* 75 Pa.C.S.A. §§ 3802(b), 1786(f).

offenses as second offenses based upon Sholar's resolution of a prior DUI charge through the accelerated rehabilitative disposition ("ARD") process.[2]

On December 7, 2021, Sholar entered an open guilty plea to one count of DUI—high rate of alcohol and violating required financial responsibility, but noted his objection to the classification of the DUI as a second offense for the purpose of sentencing.[3] *See* N.T. (Guilty Plea), 12/7/21, at 6. The trial court deferred sentencing to permit the Commonwealth to present argument on whether the current DUI offense was a first or second offense. *Id*. at 7-8. At the time of Sholar's plea, this Court's decision in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), *overruled by Richards I*, 284 A. 3d 214, *and Commonwealth v. Moroz*, 284 A. 3d 227 (Pa. Super. 2022) (*en banc*), set forth the prevailing law — that a prior ARD in a DUI case was *not*

_____

[2] *See* Pa.R.Crim.P. 310-320. This Court has explained:

> [ARD] is an intensive process involving personal assessments, safety classes, and addiction treatment if necessary, all under court supervision.

> > [A] defendant [may] be placed in the ARD program only after he or she has requested acceptance into the program, has indicated an understanding of the proceedings, and has accepted and agreed to comply with the conditions imposed by the trial court

*Commonwealth v. Richards*, 284 A.3d 214, 218 (Pa. Super. 2022) (*en banc*) ("*Richards I*") (citations and quotation marks omitted), *appeal granted*, 294 A.3d 300 (Pa. 2023) ("*Richards II*").

[3] *See* 75 Pa.C.S.A. § 3804 (setting forth escalating mandatory minimums for first, second, and subsequent DUI offenses).

- 2 -

a "prior offense" for DUI sentencing enhancement purposes.[4]  *See Chichkin*, 232 A.3d at 971.

At the February 1, 2022 sentencing hearing, the trial court referred to the then-governing *Chichkin* holding, that a prior DUI ARD was not a "prior offense" for purposes of sentencing.  The court thus rejected the Commonwealth's proffer of Sholar's certified driving record as proof that he committed a prior DUI offense that was resolved through ARD.  *See* N.T. (Sentencing), 2/1/22, at 2-4.  Instead, the trial court treated Sholar's instant plea to DUI—high rate of alcohol as a first offense.  The Commonwealth requested the trial court stay entering a sentence to allow it to appeal from the trial court's decision not to treat Sholar's prior ARD DUI as a prior offense. *See id*. at 4-5.  After hearing argument from the Commonwealth and Sholar's counsel, the trial court denied a stay, and sentenced Sholar on the DUI charge to pay a $500 fine and serve six months' restrictive probation, which included

---

[4] By way of background, we note that Section 3806(a) of the Vehicle Code defines a "prior [DUI] offense" to include acceptance of ARD.  75 Pa.C.S.A. § 3806.  As noted above, Section 3804 sets forth increased sentences for second and subsequent offenses.  *See* 75 Pa.C.S.A. § 3804 ("Penalties"); *see also* 75 Pa.C.S.A. § 3806(b)(1)(i) (providing that for purposes of Section 3804, the "prior offense" must have occurred within ten "years prior to the date of the offense for which the defendant is being sentenced").

In *Chichkin*, this Court held that Section 3806(a)'s classification of a prior ARD, as a "prior offense" for enhanced sentencing purposes, violated due process as the Commonwealth had not proven, "beyond a reasonable doubt, that the defendant actually committed the prior DUI offense." *Chichkin*, 232 A.3d at 971.  Thus, *Chichkin* held a defendant could not be sentenced as a recidivist DUI offender based on a prior DUI ARD.  *See id*. at 969-71.

two days' house arrest. *See id*. at 7-8; *see also* Sentencing Order, 2/1/22. The trial court further ordered Sholar to pay a fine of $200 on the required financial responsibility charge. *See id*.

On February 28, 2022, the Commonwealth filed a notice of appeal. However, we note the Commonwealth did not request that the trial court stay Sholar's sentence while its appeal was pending.

Meanwhile, on October 4, 2022, this Court filed two *en banc* decisions that overruled the decision in *Chichkin*. *See Richards I*, 284 A.3d at 220; *see also Moroz*, 284 A.3d 227. In *Richards I* and *Moroz*, this Court held that a defendant who completed the ARD program for a DUI offense, within the ten-year lookback period of Section 3806, shall be treated as a second-time offender for purposes of DUI sentencing. *See Richards I*, 284 A.3d at 220; *see also Moroz*, 284 A.3d at 233.

On March 15, 2023, our Supreme Court granted review of the *Richards I* decision, on the issue of, *inter alia*, whether it is "fundamentally unfair and a violation of due process to equate a prior acceptance of ARD with a prior conviction for purposes of a recidivist mandatory minimum sentence even though that acceptance involved no proof of guilt beyond a reasonable doubt[.]" *Richards II*, 294 A.3d at 301. As of this writing, the Supreme Court has not issued a decision.

Returning to the Commonwealth's prior appeal in this matter, on May 8, 2023, a panel of this Court vacated Sholar's judgment of sentence and remanded the matter for resentencing in accord with the new decisions issued

in ***Richards I*** and ***Moroz***. ***See Commonwealth v. Sholar***, 299 A.3d 883 (Pa. Super. 2023) (unpublished memorandum).

The trial court conducted a resentencing hearing on September 19, 2023. At that time, Sholar requested a continuance until the Supreme Court issued a ruling in ***Richards II***. The trial court denied Sholar's request. ***See*** N.T. (Sentence), 9/19/23, at 3.

The Commonwealth then acknowledged that Sholar was serving his sentence during the pendency of the appeal and believed he had served the entire six-month term of restrictive probation, including two days' house arrest. ***See id***. at 4. The trial court resentenced Sholar, on the DUI charge, to pay a $750 fine and serve six months' restrictive probation, including thirty days' house arrest and sixty days' alcohol monitoring. ***See id***. at 6. The trial court specifically noted that Sholar had served a portion of the February 1, 2022 sentence while the Commonwealth's appeal was pending, he should receive credit for that time, and the probation department would have to confirm whether he completed his sentence. ***See id***. at 5.

Sholar filed a timely notice of appeal. Both Sholar and the trial court complied with Pa.R.A.P. 1925.

Sholar raises the following issue for our review:[5]

---

[5] Sholar's statement of questions involved includes a second issue:

> Did the trial court violate Sholar's federal and Pennsylvania constitutional protections against double jeopardy and

*(Footnote Continued Next Page)*

- 5 -

Did the trial court err when it considered Sholar's prior DUI-related ARD within the last [ten] years as a prior offense and imposed mandatory minimums consistent with a second offense DUI?

Sholar's Brief at 2 (unnecessary capitalization omitted).

Sholar argues that the trial court violated his double jeopardy protections when it resentenced him on September 19, 2023, because he had already completed serving the terms of his original sentence.[6] At this juncture, we note that this panel directed the trial court to provide a written statement confirming whether Sholar completed serving the sentence imposed on February 1, 2022, and if so, the date he completed serving that sentence. The trial court responded that it had requested the probation department to provide this information, but the court received no response.

---

expectation to finality of his sentence when it resentenced him because he had completed the terms of his original sentence in its entirety and the Commonwealth did not request a stay pending disposition of [its] appeal?

Sholar's Brief at 2. However, he explains that he presents no argument "because this issue is before the Pennsylvania Supreme Court in" **Richards II**. **Id**. at 2 n.2. We thus do not consider this issue. **See** Pa.R.A.P. 2119(a) (requiring the argument to set forth "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent").

[6] Sholar raises this issue for the first time on appeal. However, because his claim goes to the legality of his sentence, he has not waived it for our review. **See Moroz**, 284 A.3d at 230 (stating that "[a]s long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*").

- 6 -

On January 2, 2025, this Court again directed the trial court to provide the same information. On January 17, 2025, the trial court advised that it conducted a hearing and received a memorandum from the probation department. The trial court confirmed that on August 1, 2022, Sholar completed serving the entire sentence originally imposed on February 1, 2022. *See* Order of Court, 1/17/25.

> We are guided by the following principles:
>
> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

*Moroz*, 284 A.3d at 230 (citations and quotation marks omitted). "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Id*.

As stated above, at the time of Sholar's original February 1, 2022 sentencing, *Chichkin* provided generally that a prior DUI ARD was not a "prior offense" for purposes of enhanced sentencing on a second or subsequent DUI offense. *See Chichkin*, 232 A.3d at 971. However, by the time of Sholar's September 19, 2023 resentencing on remand, *Richards I* and *Moroz* held that a defendant who completed the ARD program for a DUI offense shall be treated as a second-time offender for purposes of DUI sentencing. *See Richards I*, 284 A.3d at 220; *see also Moroz*, 284 A.3d at 233.

"Our Supreme Court has mandated that all Pennsylvania courts, appellate and trial courts alike, are duty bound to apply the law in effect at the time of a decision." ***Commonwealth v. Hind***, 304 A.3d 413, 417 (Pa. Super. 2023). Furthermore, where the Commonwealth, at the time of sentencing, chooses not to request the trial court to stay a sentence pending appeal, the trial court can properly impose its sentence consistent with the then-controlling case law, which it is duty bound to do. ***See id***. at 422.

The Double Jeopardy Clauses in the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution provide that no person may be "twice put in jeopardy" for the same offense. ***See*** U.S. Const., amend. V; ***see also*** Pa. Const. Art. I, § 10. "[O]ne of the important protections offered by the federal double jeopardy clause is its guarantee against 'multiple punishment for the same offense at one trial.'" ***Commonwealth v. Hill***, 238 A.3d 399, 410 (Pa. 2020) (citation omitted). A sentence that exposes a defendant to double jeopardy is an illegal sentence. ***See id***. at 411.

The protection against double jeopardy does not attach until the defendant has a legitimate expectation of finality in the sentence. ***See Commonwealth v. Kunish***, 602 A.2d 849, 852-53 (Pa. 1992). This Court has explained that "[w]here a sentence is statutorily subject to appeal by the defendant or the Commonwealth, the defendant has no legitimate expectation of finality in his sentence and double jeopardy protection does not attach."

***Commonwealth v. Minnis***, 83 A.3d 1047, 1050-51 (Pa. Super. 2014) (*en banc*). However, a defendant has an expectation of finality in his sentence once an appeal has concluded or when the period in which an appeal can be filed has expired. ***See Commonwealth v. Jones***, 554 A.2d 50, 52 (Pa. 1989).

This Court has noted that a defendant has a legitimate expectation of finality in his completed sentence, which was legal and proper when imposed by the trial court. ***See Commonwealth v. Sojourner***, 518 A.2d 1145, 1149 (Pa. Super. 1986). Recently, this Court considered the unique nature of double jeopardy implications of resentencing a defendant "because of changes in case law that were not in effect until after the defendant completed serving the underlying sentence in its entirety." ***Hind***, 304 A.3d at 421.

In ***Hind***, two defendants each pleaded guilty to DUI–high rate of alcohol. ***See id***. at 415-16. At sentencing, the Commonwealth argued the trial court should consider both defendants' convictions to be their second DUI offenses, as both had previously completed ARD for DUI. ***See id***. However, the trial court applied the then-in effect ***Chichkin*** decision and concluded both defendants were first-time DUI offenders. ***See id***. The Commonwealth appealed from both judgments of sentence, arguing the defendants' prior acceptances of ARD qualified as prior offenses for purposes of the DUI

sentencing enhancement, and thus both sentences were illegal.[7]  *See id*. at 416.  However, the Commonwealth did not request that the trial court stay the sentences while the appeals were pending.  *See id*. at 418.

While the appeals were pending, this Court issued *Richards I* and *Moroz*, which, as stated above, "held that a defendant who completed the ARD program for a DUI offense within the ten-year lookback period of Section 3806 should be treated as a second-time offender for purposes of DUI sentencing." *Id*. at 417.  The Commonwealth argued "that in accordance with *Richards I* and *Moroz*, we should vacate [the] respective sentences and remand for resentencing." *Id*.  Both defendants responded, however, that they had completed serving their entire sentences during the pending appeals and argued that any resentencing would violate their double jeopardy protections.  *See id*. at 418.

This Court noted that *Chichkin* was in effect at the time the trial court sentenced both defendants as first time DUI offenders.  *See id*.  This Court considered our relevant jurisprudence that: (1) "all Pennsylvania courts . . . are duty bound to apply the law in effect at the time of a decision;" (2) "there is no expectation of the finality of sentence for double jeopardy purposes in cases where the Commonwealth has the statutory right to appeal from the

_____

[7] This Court consolidated the appeals, as both involved the same issue, same trial court judge, and the same assistant district attorney.  *See Hind*, 304 A.3d at 415 n.1.

- 10 -

judgment of sentence;" (3) "the protection against double jeopardy does not attach until after the defendant has a legitimate expectation of finality in the sentence;" and (4) "litigants are entitled to the benefit of changes in the law that occur before the judgment is final." *Id*. at 419, 421, 422 (citations omitted). This Court framed the issue as a novel question as to whether it should vacate "a sentence that was legal at the time it was imposed and remand[] for resentencing because of changes in case law that were not in effect until after the defendant completed serving the underlying sentence in its entirety." *Id*. at 420-21.

We held that under current Pennsylvania law and "the unique and limited circumstances in this case:" (1) the defendants had "a legitimate expectation of the finality of their completed sentences, which were legal and proper when imposed by the trial court;" and (2) "even if the Commonwealth had the statutory right to appeal, . . . a new sentence would violate the constitutional protections guaranteed to [the defendants] against double jeopardy under the United States Constitution and the Pennsylvania Constitution." *Id*. at 422. This Court concluded that because the defendants had "served their entire sentences for their underlying DUI convictions, and the judgments of sentence imposed in their respective cases were legal at the time they were imposed, vacating [the] judgments of sentence and remanding for resentencing would violate [their] constitutional protections against double

jeopardy." *Id*. at 421-22. Accordingly, this Court affirmed the judgments of sentence that were imposed pursuant to **Chichkin**. **See id**. at 422.

On appeal, Sholar argues his "double jeopardy protections attached, and he had a legitimate expectation of the finality of his completed sentence, which was legal and proper when imposed by the trial court."[8] Sholar's Brief at 5. Sholar contends that at the time of his guilty plea and original sentence, the trial court properly sentenced him as a first-time offender based on this Court's decision in **Chichkin**. **See id**.at 6. Sholar asserts that the Commonwealth appealed from his initial judgment of sentence to this Court, but did not seek a stay of his sentence pending appellate review. **See id**. Sholar argues that the trial court violated his double jeopardy rights by resentencing him, on remand due to this Court's overruling **Chichkin**, after he had finished serving his entire sentence. **See id**.

The trial court reasoned that it properly resentenced Sholar pursuant to this Court's May 8, 2023 remand order. **See** Trial Court Opinion, 12/11/23, at 5. Additionally, the trial court noted that it credited Sholar, for any period of probation or incarceration he already served, as well as any costs or fines he had paid under his original February 1, 2022 sentence, toward his new September 19, 2023 sentence. **See id**.

---

[8] We note **Hind** was decided after Sholar filed his appellate brief in this Court.

It is not disputed that Sholar's original sentence, imposed on February 1, 2022, was consistent with the then-controlling case law in **Chichkin**. On May 8, 2023, based on the intervening decisions in **Richards I** and **Munoz**, this Court vacated Sholar's judgment of sentence and remanded for resentencing consistent with those decisions. However, the trial court did not determine until recently that Sholar completed serving his sentence **before** this Court's October 4, 2022, *en banc* decisions in **Richards I** and **Moroz**. Indeed, the record confirms that on August 1, 2022, Sholar had served his entire sentence, was no longer under the supervision of the probation department, and had paid all fines, fees, and costs associated with his conviction.

We acknowledge the Pennsylvania case law that there is no expectation in the finality of a sentence, for double jeopardy purposes, where the Commonwealth has the statutory right to appeal from the judgment of sentence. **See Minnis**, 83 A.3d at 1050-51; **see also** 75 Pa.C.S.A. § 3804(h) (stating the Commonwealth has the right to appeal from a judgment of sentence that does not comply with the DUI sentencing scheme). Here, the trial court properly imposed Sholar's original sentence consistent with then-controlling case law, which it was duty bound to do. However, at the time of the Commonwealth's appeal from Sholar's February 1, 2022 judgment of sentence, it did not request the trial court to stay his sentence. As a result,

Sholar completed serving his entire sentence before this Court remanded for resentencing on May 8, 2023.

As we have discussed, under similar circumstances in **Hind**, this Court determined that the interests of justice were best served by concluding that a defendant may not be resentenced, based on intervening decisional authority, after he has served the underlying sentence in its entirety. **See Hind**, 304 A.3d at 422. We conclude that because Sholar's initial February 1, 2022 judgment of sentence was legal at the time the trial court imposed it, and he had served his entire sentence before resentencing on September 19, 2023, vacating the September 19, 2023 judgment of sentence upholds principles of double jeopardy and serves the interests of justice.[9]

Accordingly, while we affirm Sholar's convictions, we vacate the judgment of sentence imposed on September 19, 2023 in its entirety, and remand for the trial court to reinstate the judgment of sentence imposed on February 1, 2022.

Convictions affirmed. September 19, 2023 judgment of sentence vacated. Case remanded for reinstatement of February 1, 2022 judgment of sentence. Jurisdiction relinquished.

---

[9] We further acknowledge that this Court previously remanded for resentencing in light of the new decisions in **Richards I** and **Moroz**. Nevertheless, as stated above, neither the parties nor the trial court confirmed whether Sholar had completed serving his sentence until after the resentencing.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/20/2025