J-A07022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
              :             PENNSYLVANIA
              :
        v.            :
              :
              :
DENISE ANN GOHN          :
              :
      Appellant     :    No. 1239 MDA 2024

Appeal from the Judgment of Sentence Entered August 20, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000595-2023

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:       **FILED: FEBRUARY 24, 2025**

Appellant, Denise Ann Gohn, appeals from the judgment of sentence entered August 20, 2024. We affirm.

The trial court set forth the relevant procedural and factual history of this case as follows.

> On March 8, 2023, Appellant was operating a motor vehicle in Reading Township, Adams County, Pennsylvania, was stopped by a Reading Township Police Officer and was ultimately charged with two counts of driving under the influence [("DUI"] of alcohol and other criminal offenses. On July 18, 2023, the Commonwealth filed a criminal information [against Appellant] which included count one, DUI highest rate of alcohol, as a second offense and misdemeanor of the first degree and count two, DUI high rate, as a second offense and ungraded misdemeanor.
>
> On May 31, 2024, Appellant entered an open plea to count one, DUI highest rate of alcohol.[1] Appellant, through counsel, argued that [her] 2014 [Accelerated Rehabilitative Disposition

_____

[1] 75 Pa.C.S.A. § 3802(c).

("ARD")] should not count as a prior offense under 75 Pa.C.S.A. § 3806 because of *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020). [The trial court] deferred ruling on Appellant's oral motion until sentence[ing].

On August 20, 2024, Appellant appeared for sentencing and, through counsel, [again] argued that her 2014 ARD [admission] for a DUI in Pennsylvania did not constitute a [first] offense for sentencing purposes under 75 Pa.C.S.A. § 3806. The [trial c]ourt rejected Appellant's argument and sentenced Appellant on count one as a second offense and misdemeanor of the first degree. Appellant was sentenced to 60 months of probation with [90] days restrictive DUI conditions, all on house arrest with electronic monitoring and [Secure Continuous Remote Alcohol Monitoring ("SCRAM"). This timely appeal followed.]

Trial Court Opinion, 9/10/24, at 1-2 (footnotes omitted) (footnote added).

Appellant raises the following issue for our consideration.

Did the [trial] court err when it considered an alleged prior DUI ARD as a "prior offense" under 75 Pa.C.S.[A.] § 3806, when such ARD is not admissible under *Alleyne v. United States*, 570 U.S. 99 (2013) and its progeny, Section 3806 is unconstitutional, and [the] defect in Section 3806 cannot be cured?

Appellant's Brief at 4.

Herein, Appellant claims that the trial court erred in considering her prior ARD as a first conviction pursuant to Section 3806(a) of the Motor Vehicle Code. *See* 75 Pa.C.S.A. § 3806(a) (explaining that the "term 'prior offense' . . . shall mean . . . acceptance of [ARD]"). More specifically, Appellant argues that her prior ARD "should not count as a prior offense" because it is "simply not the same as a conviction [for] DUI." Appellant's Brief at 27. Thus, Appellant claims that "[e]vidence of the ARD was not admissible under

- 2 -

***Alleyne***" and further argues that "Section 3806 [of the Motor Vehicle Code] is unconstitutional." ***Id***. at 28.

This Court, however, previously addressed Appellant's exact claim and, ultimately, concluded that it was devoid of merit. ***See Commonwealth v. Richards***, 284 A.3d 214 (Pa. Super. 2022) (*en banc*) and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. Super. 2022) (*en banc*). Importantly, in ***Richards***, this Court expressly stated that

> our legislature has "statutorily construed [ARD] as a conviction for purposes of computing sentences on subsequent convictions." A defendant receives ARD only after [s]he has requested acceptance into the program, indicated an understanding of the proceedings, and agreed to comply with the conditions imposed by the trial court. ***See*** [] Pa.R.Crim.P. 312, 313. The entire assessment process for the ARD program is conducted under court supervision.
>
> The fact that ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction is written directly into Section 3806, and a defendant is presumed to be aware of the relevant statute.
>
> ***
>
> We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster.

***Richards***, 284 A.3d at 220 (case citations omitted); ***see also Moroz***, ***supra*** (same). We, as well as the trial court, are bound by ***Richards***[2] and ***Moroz***,

---

[2] We recognize that ***Richards*** remains pending before our Supreme Court. ***See Commonwealth v. Richards***, 294 A.3d 300 (Pa. 2023) (granting petition for further allowance of appeal). We are nonetheless bound by its
*(Footnote Continued Next Page)*

which Appellant ostensibly recognizes. *See* Appellant's Brief at 18-23 (arguing that *Moroz* and *Richards* "were not correctly decided"); *see also Commonwealth v. Hind*, 304 A.3d 413, 417 (Pa. Super. 2023) ("[A]ll Pennsylvania courts, appellate and trial courts alike, are duty bound to apply the law in effect at the time of a decision") (citation omitted). We therefore hold that, based upon this Court's decisions in *Richards* and *Moroz*, the trial court did not err in finding that Appellant's prior acceptance of ARD constituted a first offense for sentencing purposes.

Judgment of sentence affirmed.
Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>2/24/2025</u>

---

holding. *See Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa. Super. 2014) (explaining that this Court is bound by existing precedent until it is overturned).